**RIDGE THEATRE CORPORATION**

v.

**UNITED ARTISTS CORPORATION; Universal Film Exchanges, Inc.; Paramount Film Distributing Corporation; Warner Brothers Pictures Distributing Corporation; Metro-Goldwyn-Mayer, Inc.; Columbia Pictures Corporation; Twentieth Century-Fox Film Corporation; Buena Vista Film Distributing Co., Inc.**

**Civ. A. No. 28470.**

United States District Court
E. D. Pennsylvania.

Feb. 15, 1961.

Sylvan M. Cohen, Cohen, Shapiro & Cohen, Philadelphia, Pa., for plaintiff.

Arlin M. Adams, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., for United Artists, Universal Film, Paramount Film, Metro-Goldwyn-Mayer, Columbia Pictures Corp., and Twentieth Century-Fox Film Corp.

Louis J. Goffman, Wolf, Block, Schorr and Solis-Cohen, Philadelphia, Pa., for Warner Brothers Pictures.

H. Francis DeLone, Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., for Buena Vista Distribution.

WOOD, District Judge.

The motions before us for decision involve two questions: 1) whether the plaintiff waived its right to a jury trial upon the issues set forth in the complaint by failing to demand a jury trial within the time period provided by Rule 38(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A.; and 2) whether the Court should exercise its discretion under Rule 39(b) and grant plaintiff a jury trial despite the waiver.

With regard to the first question, Rule 38(b) provides as follows:

> "Demand.
>
> "Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and *not later than ten days after the service of the last pleading directed to such issue.* Such demand may be endorsed upon a pleading of the party." (Emphasis supplied.)

Plaintiff did not demand a jury trial within ten days after service upon it of the eight original defendants' answers.

Plaintiff's counsel stated that the reason for the failure to demand a jury trial was simply a matter of oversight. However, he contends that under Rule 38(b) there was no waiver and makes the following argument. One of the eight defendants filed an answer indicating *inter alia* that it had been erroneously described in the complaint as a New York corporation. As a result, plaintiff was given leave to amend the complaint to correct the description of the said defendant as a Delaware corporation rather than a New York corporation. Plaintiff demanded a jury trial when it filed and served the amended complaint. Plaintiff's contention is that the demand for jury trial, while late as to the seven other defendants, was timely as to the eighth defendant. Therefore, the joint liability of the eighth defendant with all other defendants must be tried by a jury, argues plaintiff.

We see no logical reason for not considering the answer filed by the eighth defendant as the "last pleading directed to" the *issues* raised by the complaint within the meaning of Rule 38(b). The subsequent amendment to the complaint and the answer thereto did not change any of the issues previously raised by the pleadings nor did it affect the character of the case one iota. Therefore, we hold that the plaintiff's failure to demand a jury trial within ten days following the service by the eight defendants upon the plaintiff of the original answers constituted a waiver of jury trial.

With regard to the question of whether we should exercise our discretion under Rule 39(b) and order a jury trial despite plaintiff's waiver we note that plaintiff's counsel has advanced no reason for the exercise of our discretion other than the plaintiff's desire to be relieved of counsel's oversight. However, the law is clear that there must be more than a "bare oversight" of counsel to justify the exercise of the Court's discretion. Krussman v. Omaha Woodmen Life Ins. Soc., D.C.Idaho 1941, 2 F.R.D. 3. See also Arnold v. Chicago, B. & Q. R. Co., D.C.Neb.1947, 7 F.R.D. 678; and Steiger v. Mullaney, D.C.S.D.N.Y.1948, 8 F.R.D. 486. Furthermore, the Court may consider the type of factual issues which will have to be decided at the trial when determining whether to relieve a party from the waiver of a jury trial. See Moore's Federal Practice, Vol. 5, p. 717, and cases cited therein. We cannot conclude that plaintiff would, in any way, be prejudiced by refusing his request. On the other hand, we think the issues involved, being complicated and involving consideration of voluminous evidence, might be tried more successfully by the Court than by a jury.

For the foregoing reasons we enter the following order:

### Order

The defendants' motion to strike the plaintiff's demand for jury trial is hereby granted. The plaintiff's motion for jury trial despite waiver is hereby denied.