**Jack S. BIESENKAMP, M. D.,**
**Plaintiff,**

v.

**ATLANTIC RICHFIELD COMPANY**

**and**

**M. R. Plancey, Defendants.**

**Civ. A. No. 75–2523.**

United States District Court,
E. D. Pennsylvania.

Feb. 13, 1976.

Edward J. Morris, Philadelphia, Pa., for plaintiff.

Alfred A. Gollatz, Philadelphia, Pa., for defendants.

## OPINION AND ORDER

FOGEL, District Judge.

Before this Court is Plaintiff's Motion for a Jury Trial pursuant to Rules 38 and 39(b) of the Federal Rules of Civil Procedure. For the reasons set forth in this opinion, that motion will be denied.

On September 4, 1975, a Complaint in this case was filed in the Clerk's Office. Since a demand for Jury Trial was not affixed to the Complaint, Defendants' attorneys naturally were not put on notice of the evidence of any Jury Trial demand. However, at the time of the filing of the Complaint, Plaintiff's attorney did state on the United States District Court Civil Cover Sheet Form. No. JS–44c (Rev. 1/75) that a Jury Trial was demanded. In addition, the docket entries set forth that a Jury Trial was demanded on September 4, 1975.

Plaintiff initially contends that in light of the Jury Trial notations on the Civil Cover Sheet and the docket entry he has not waived his right to demand a Jury Trial, under Rule 38. This Rule provides in pertinent part:

"(b) *Demand.* Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefore in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue.

Such demand may be endorsed upon a pleading of the party."

If a party fails to comply with 38(b), this constitutes a waiver of trial by jury under 38(d).

█ In this case, it is clear that the Plaintiff has not met the requirement of 38(b) since no demand was served upon the Defendants within the appropriate time. The mere notation on the Cover Sheet and in the docket cannot substitute for service of notice upon the Defendants as required by the rule. Therefore, in light of Defendants' objection, we rule Plaintiff has waived his right to a Jury Trial.

█ Despite this waiver, the Plaintiff seeks relief under Rule 39(b) of the Federal Rules of Civil Procedure which provides in relevant part:

"(b) . . . notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues."

Although it is left to the discretion of the Court whether to grant a Jury Trial where there has been a waiver, it has been held that mere inadvertence, oversight, or lack of diligence on the part of counsel is not sufficient ground to evoke relief under Rule 39(b). [See, e. g. *Kutz v. Janney*, 18 F.R.Serv.2d 158 (E.D.Pa. 1973)]; *Canuso v. Dennis J. Sweeney & Co., Inc.*, 16 F.R.Serv.2d 1056 (E.D.Pa. 1972); *Godfrey v. Pabst Brewing Co.*, 15 F.R.Serv.2d 1309 (E.D.Pa.1972). In the instant case, Plaintiff's attorney neglected to note on the Complaint a demand for Jury Trial. This was an oversight on his part and does not warrant the granting of a Jury Trial under Rule 39(b).

Therefore, in light of the circumstances surrounding the Plaintiff's failure to make timely demand for a Jury Trial, the motion for Jury Trial will be denied and an appropriate Order will be entered.