610 F.2d 20
 33 Fair Empl.Prac.Cas. 931,
21 Empl. Prac. Dec. P 30,450
Duke OMAWALE, Plaintiff, Appellant,
v.
WBZ et al., Defendants, Appellees.
 No. 79-1266.
 United States Court of Appeals,
First Circuit.
 Argued Oct. 4, 1979.
Decided Nov. 29, 1979.
 
 Duke Omawale, pro se.
 Richard P. Ward, Boston, Mass., with whom John H. Mason, Ropes & Gray, Michael J. Liston, Katherine Hendricks, Palmer & Dodge, William Lender, Daniel D. Gallagher, and Maloney, Gallagher & Desmond, Boston, Mass., were on brief, for defendants, appellees.
 Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, and BONSAL,* Senior District Judge.
 PER CURIAM.
 
 
 1
 On July 18, 1976, Duke Omawale filed a complaint with the United States District Court for the District of Massachusetts naming as defendants seven operators of various radio and television stations in the metropolitan Boston area.[1] Mr. Omawale alleged that these defendants violated his rights under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e Et seq., the thirteenth amendment to the United States Constitution, and 42 U.S.C. § 1981 by denying him employment as a full-time disc jockey or talk show host because of his race. He concluded by requesting that the district court grant declaratory relief as well as $1,000,000 in compensatory and punitive damages.
 
 
 2
 On October 12, 1976, Omawale filed a motion for preliminary injunction in which he sought to enjoin the defendants from filling any available broadcasting positions pending a hearing on the merits of his complaint. This motion was denied by the district court on September 12, 1977.[2] On December 16, 1977, Omawale moved for a permanent injunction and also requested that the court enter an order enjoining the "radio and television and newspaper media . . . from suppressing . . . news of (his) charges and court battle for justice." Shortly thereafter, Omawale filed three further motions for permanent injunction, these naming the Governor of Massachusetts, the Attorney General of Massachusetts, the Mayor of Boston, the City Attorney of Boston, and the Federal Communications Commission as defendants.[3] With these motions pending, the district court, on June 30, 1978, entered an order pursuant to Fed.R.Civ.P. 53 and Local Rule 6E appointing a United States magistrate as a master and directing him to take evidence offered by the parties, to make findings and conclusions on all issues presented, and to recommend appropriate judgment. The magistrate informed the parties that they should file with the court "a statement as to whether or not (they would) consent to a trial by Special Master pursuant to the provisions of Rule 53, F.R.Civ.P., or a trial by a magistrate pursuant to the provisions of 28 U.S.C. 636." Mr. Omawale responded by indicating his preference for trial by a magistrate; the various defendants likewise consented to such a hearing.
 
 
 3
 Following a three-day trial, the magistrate issued a report containing findings of fact and the recommendation that judgment be entered for the defendants. Thereafter a hearing was held on notice before the district court to determine if the report should be approved. Mr. Omawale did not appear at this hearing. The report was approved by the court and judgment was subsequently entered for the defendants. This appeal followed.
 
 
 4
 The plaintiff in a Title VII action has the initial burden of establishing a prima facie case of employment discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); See Loeb v. Textron, Inc., 600 F.2d 1003 (1st Cir. 1979). Here Mr. Omawale has not made out a prima facie case against any of the seven defendants. The magistrate found that Mr. Omawale failed to demonstrate his qualification for the positions he sought; failed to establish that he even had applied to several of the defendants for employment; and failed to show that the employers from whom he actually requested employment had any suitable positions available.[4] Thus, his Title VII claim must be rejected. And Mr. Omawale's inability to present even a minimum showing of racial discrimination must likewise prove fatal to his claims brought under Section 1981 and the thirteenth amendment.
 
 
 5
 Mr. Omawale also contends that he was wrongfully deprived of his right to a jury trial in the district court.[5] The magistrate found that Omawale had waived this right by failing to serve upon the parties a written demand for trial by jury as required by Fed.R.Civ.P. 38(b).[6] Mr. Omawale contends that by checking a box on the Civil Cover Sheet indicating that a jury demand had been made he satisfied the requirements of Rule 38. However, the notation on the Cover Sheet is not a substitute for the service of written notice on the defendants required by the Federal Rules. See Biesenkamp v. Atlantic Richfield Co., 70 F.R.D. 365 (E.D.Pa.1976).
 
 
 6
 Further, in response to a pretrial order requesting him to specify whether he consented to trial by master or by magistrate, Mr. Omawale indicated his preference for the latter. He now appears to argue that he thought he had no choice but to agree to one of the two proposed alternatives and that the option of trial by jury was willfully and maliciously omitted from the order by the magistrate. However, the magistrate's pretrial order was entered nearly two years after Omawale initially filed his complaint. The alternatives of trial by magistrate or master were thus offered to Omawale long after the limited time allotted under Rule 38 for serving a jury demand had elapsed. Indeed, Omawale failed to raise the question of a jury trial until the parties and their witnesses appeared before the magistrate for trial. By failing to serve a timely demand he waived any right he may have had for a jury trial, as the magistrate concluded.
 
 
 7
 We have carefully reviewed the various other contentions raised by Mr. Omawale and found them to be without legal merit. The judgment of the district court is therefore affirmed.
 
 
 
 *
 Of the Southern District of New York, sitting by designation
 
 
 [1]
 The actual names of the corporate defendants are as follows: WBZ Radio & TV4 is Westinghouse Co., Inc., WRKO Radio & TV7 is RKO General, Inc., WEZE is WEZE, Inc., WMEX is Richmond Brothers, Inc., WLYN is Puritan Broadcast Service, Inc., WHDH is WHDH Corporation, and WRYT is WROL, Inc
 Mr. Omawale initially brought this suit as a class action. Noting that he had not moved for certification of the class pursuant to Fed.R.Civ.P. 23, that he had not initiated any discovery, and that he was appearing Pro se and "had not demonstrated that sort of legal acumen which . . . is vital in class action litigation," the magistrate assigned to the case recommended that the district court deny class action certification. This recommendation was approved by the district court, and the issue has not been pursued on appeal.
 
 
 [2]
 During this period six of the defendants filed motions for summary judgment. These motions were denied by Judge Tauro on November 3, 1977
 
 
 [3]
 Omawale sought a writ of mandamus in this court directing the district court to decide a variety of the motions he had filed. Mandamus was denied on July 10, 1978
 
 
 [4]
 The magistrate also concluded that judgment should be entered for the defendants on the Title VII claim because Mr. Omawale had failed to establish that he had received a right to sue letter from the Equal Employment Opportunity Commission. The Supreme Court has noted that a Title VII plaintiff satisfies the statutory jurisdictional prerequisites to a federal action by 1) filing timely charges of employment discrimination with the EEOC and 2) by receiving and acting upon the Commission's statutory notice of the right to sue. Alexander v. Gardner-Denver Co., 415 U.S. 36, 47, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); McDonnell Douglas Corp. v. Green, 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973)
 
 
 [5]
 In light of our finding that Mr. Omawale waived any right he may have had to a jury trial, Infra, it is not necessary for us to determine whether that right attaches in a Title VII proceeding. Five circuits have held that it does not. See Grayson v. The Wickes Corp., 607 F.2d 1194 (7th Cir. 1979), and cases cited therein
 
 
 [6]
 Rule 38 provides in pertinent part:
 "(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.
 "(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties."