## BANK BUILDING & EQUIPMENT CORPORATION OF AMERICA

v.

## MACK LOCAL 677 FEDERAL CREDIT UNION.

### Civ. A. No. 79-24.

United States District Court,
E. D. Pennsylvania.

April 28, 1980.

Pepper, Hamilton & Scheetz, Philadelphia, Pa., for plaintiff.

Robert E. Donatelli, Allentown, Pa., for defendant.

## MEMORANDUM

TROUTMAN, District Judge.

To recover for services performed pursuant to a Consultant and later a Construction Management Agreement, plaintiff instituted this diversity action on January 3, 1979, but did not request a jury trial. Several weeks later defendant filed a motion to dismiss, which the Court denied as moot after plaintiff filed an amended complaint. Defendant then filed an answer and counterclaim and also did not demand a trial by jury. Following completion of discovery, the court clerk, acting in accordance with Local R.Civ.P. 49, referred the case to an arbitration panel, which heard the matter and filed an arbitration award in favor of plaintiff on both its claim and defendant's counterclaim. Eighteen days later defendant filed a demand for a trial *de novo* and for the first time requested a jury trial. Plaintiff now moves to strike defendant's demand therefor.

Fed.R.Civ.P. 38(b) indicates when and how parties should demand a trial by jury. A party may do so

> on any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and *not later than 10 days after the service of the last pleading directed to such issue....* (emphasis added)

The pleadings ended with the plaintiff's reply to defendant's counterclaim. Fed.R. Civ.P. 7(a). Not having made a demand within ten days after this reply, defendant waived its right to a jury trial. Fed.R.

Civ.P. 38(d). *See also Walton v. Eaton Corp.*, 563 F.2d 66 (3d Cir. 1977).

 Defendant argues that Local Rule 49 moots the issue of a demand for a jury trial unless and until a party appeals from the arbitrators' award. However, Local Rule 49 provides that

> [u]pon a demand for a trial *de novo* the action shall be placed on the calendar of the court and treated for all purposes as if it had not been referred to arbitration, and any right of trial by jury that a party *would otherwise have* shall be preserved inviolate.

Local R.Civ.P. 49, § 7(b) (emphasis added). Defendant, having failed to make a timely demand, did not assert or "otherwise have" a right of trial by jury.

The right may be revived, however, in the Court's discretion if the moving party offers an adequate or proper reason for failing to make a timely demand. *New Hampshire Fire & Insurance Co. v. Perkins*, 28 F.R.D. 588 (D.Del.1961). *See* Fed.R. Civ.P. 39(b). Defense counsel's belief that a demand for jury trial was unnecessary until completion of arbitration will not effect resurrection of the right, for mere inadvertence, *Bullock v. Sterling Drug, Inc.*, 8 F.R.D. 575 (E.D.Pa.1948), oversight, *Ridge Theatre Corp. v. United Artist Corp.*, 27 F.R.D. 8 (E.D.Pa.1961), or lack of diligence, *McConney v. Great Atlantic & Pacific Tea Co.*, 455 F.Supp. 1143 (E.D.Pa.1978), will not justify the omission or abrogate the waiver. Nor will unfamiliarity with or misinterpretation of rules excuse compliance with procedural requirements. *Kutz v. Janney, Montgomery & Scott, Inc.*, 18 F.R.Serv.2d 158 (E.D.Pa.1973), *Godfrey v. Pabst Brewing Co.*, 15 F.R.Serv.2d 1309 (E.D.Pa.1972). *See generally Biesenkamp v. Atlantic Richfield Co.*, 70 F.R.D. 365 (E.D.Pa.1976) and *Todd v. Lutz*, 64 F.R.D. 150 (W.D.Pa.1974).

To sanction defendant's omission would invite disregard of procedural requirements in all of the Rules, cause delay in disposition of disputes by creating confusion on trial dockets and prejudice the opposing party by injecting an unnecessary element of uncertainty into trial strategy and preparation. Worse, the Rules' articulated purpose of securing the "just, speedy and inexpensive determination of every action" would be reduced to an empyrean principle with no practical meaning. *See* Fed.R.Civ.P. 1. Avoiding this undesirable result and encouraging familiarity with federal procedure so that all litigants receive prompt and full consideration impels the conclusion that plaintiff's motion to strike defendant's demand for a jury trial must be granted and defendant's motion for a jury trial must be denied.