HOUSTON NORTH HOSPITAL PROP-
ERTIES, et al., Plaintiffs-Appellants,

v.

TELCO LEASING, INC., et al.,
Defendants-Appellees.

No. 81–2343.

United States Court of Appeals,
Fifth Circuit.

Oct. 7, 1982.

Butler, Binion, Rice, Cook & Knapp, Don Fogel, Norman Riedmueller, Houston, Tex., for plaintiffs-appellants.

Susman & McGowan, Stephen D. Susman, Franci N. Beck, Houston, Tex., for defendants-appellees.

ON PETITION FOR REHEARING

Before RUBIN, REAVLEY and TATE, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

We grant the petition for rehearing in order to substitute the following for the paragraph reading: "We consider first . . . both events occurred in Chicago." 680 F.2d 19, 21 (5th Cir. 1982).

We consider first whether Illinois or Texas law applied to Houston's economic duress claim. In a diversity case, a federal district court must apply the choice-of-law principles of the state in which it sits to

resolve a threshold conflicts question. *Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 1021, 85 L.Ed. 1477 (1941); *Teas v. Kimball*, 257 F.2d 817, 823 (5th Cir. 1958).

Texas courts have in the past adhered in most circumstances to the traditional tort conflicts rule, *lex loci delicti*, applying the law of the place of the tort or wrong. *Tucker v. Texas Co.*, 203 F.2d 918, 920 (5th Cir. 1953) (applying Texas law).

Recently, however, the Texas Supreme Court declared: "The common law doctrine of *lex loci delicti* in this state is hereby overruled." *Gutierrez v. Collins*, 583 S.W.2d 312, 318 (Tex.1979). *Gutierrez* adopts the Restatement's "most significant relationship" test. *Id.; see Crim v. International Harvester Co.*, 646 F.2d 161, 163 (5th Cir. 1981). *See also Harville v. Anchor-Wate Co.*, 663 F.2d 598, 601 (5th Cir. 1981); *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1111 (5th Cir. 1981).

Section 145 of the Restatement (Second) of Conflict of Laws states:

(2) Contacts to be taken into account in . . . determin[ing] the law applicable to [a tort] include:

(a) the place where the injury occurred,

(b) the place where the conduct causing the injury occurred,

(c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and

(d) the place where the relationship, if any, between the parties is centered.

These contacts are to be evaluated according to their relative importance with respect to the particular issue.

■ With respect to the "place of injury," Houston North Hospital experienced the results of the events in Texas. Even if duress were exerted in Illinois, therefore, this factor points to Texas law. The remaining considerations, however, all point to Illinois law. The conduct causing the injury occurred in Chicago.[3] One party was a Texas corporation, the other an Illinois corporation, and each had business headquarters in the state of its domicile.[3a] The payments on the corporate loan were to be made in Chicago. The agreement was negotiated and executed there, and payment was made there.

We look, too, to the policies underlying the relevant tort rules of the interested states. *See* Restatement (Second) of Conflict of Laws, § 145, comment b on subsection (1). The primary purpose of making the exertion of economic duress a tort is to deter or punish the misuse of economic power, not to compensate the plaintiff for its injuries. Therefore, the state where the conduct took place rather than the state where the injury "occurred" is the "state of dominant interest and thus that of most significant relationship . . . ." *Id.* § 145, comment b on subsection (1), at 416.[3b]

We conclude, therefore, that Texas choice-of-law rules require that Illinois substantive law be applied to the claims.

We deny the motion for rehearing in all other respects for the following reasons:

Houston now argues that our reliance on *Nunez v. Superior Oil Co.*, 572 F.2d 1119 (5th Cir. 1978), was unjustified because *Nunez* was a nonjury case and Houston had requested a jury trial. It points to an entry "jury requested" on the district court docket sheet in support of this argument.

Jury trial requests in removed cases are governed by Fed.R.Civ.P. 81(c). The rule sets out three ways in which jury trials may be had. First, a rule 38 demand may be served by the nonpetitioner within ten days after notice of filing of the removal petition. Second, an express demand previous-

---

**3.** Comment e to § 145 emphasizes that, when an injury occurs in two states, the place of the defendant's conduct is to be given particular weight. *Id.* at 420.

**3a.** Domicile is of less importance in business or financial torts than in personal injury cases. The place of business is the most important contact. Comment e to § 145, at 421.

**3b.** Comment e to § 145 suggests that in cases involving torts designed to deter or punish the defendants, the place the conduct occurred has particular significance for the choice-of-law decision. *Id.* at 420.

ly made in state court preserves the jury trial right and need not be repeated. Third, if state law would accord a jury trial without express demand, the parties are entitled to a jury trial and need not make the separate demand required by rule 38 unless the district judge directs them to do so.

 The docket sheet nowhere indicates that Houston served a rule 38(b) notice on Telco. Neither the state court complaint nor the answer request a jury trial. Under Texas law whether a case is placed on the jury or nonjury docket is determined by local rule. The state court for Harris County, Texas requires that a party pay a $5 fee in order to have the case placed on the jury trial docket. *See* Harris County State District Court Rule 5. The record of this case on file with the Harris County Clerk's Office reveals that no such fee was paid, so the case was listed in the state court on the nonjury docket. *Houston North Properties v. Telco Leasing, Inc.*, General Action No. 79–34982 (Harris County Dist. Ct., 125th Judicial District filed Aug. 10, 1979). Therefore, Houston failed to preserve its right to a jury trial through any action taken in state court, and we are compelled to conclude that the federal court cover sheet was stamped "jury requested" by mistake.

In *Cochran v. Birkel*, 651 F.2d 1219 (6th Cir. 1981), *cert. denied*, 454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982), the plaintiff argued that checking the "jury demanded" box on the civil cover sheet filed with the complaint complied substantially with rule 38. The court disagreed, holding that the failure to serve a proper rule 38 demand operated as a waiver of the jury trial right. 651 F.2d at 1221 n.4. *Accord Omawale v. WBZ*, 610 F.2d 20 (1st Cir. 1979) (per curiam); *Biesenkamp v. Atlantic Richfield Co.*, 70 F.R.D. 365 (E.D.Pa.1976). We agree with those courts and hold that the mere appearance of the words "jury requested" on the docket cover sheet is insufficient to preserve the right to a jury trial absent a showing that rule 81(c) or rule 38 has, in fact, been complied with.

 Even if, however, this were a case scheduled for a jury trial, we would affirm the district court's grant of summary judgment. The record amply shows, beyond genuine dispute about any material fact, that Telco's conduct was not wrongful. Houston exercised its free will in signing the 1978 agreement; Telco committed no wrong by demanding agreement on its own terms when Houston sought changes in the prior contracts. In short, even accepting Houston's version of the facts, its arguments would not entitle it to prevail. The factual dispute was not in the legal sense material, and, therefore, did not raise an issue for the jury. *See Thibodaux v. Atlantic Richfield Co.*, 580 F.2d 841, 845 (5th Cir. 1978), *cert. denied*, 442 U.S. 909, 99 S.Ct. 2820, 61 L.Ed.2d 274 (1979); *Whitaker v. Coleman*, 115 F.2d 305, 306 (5th Cir. 1940).

 Houston again raises the question whether Telco "accelerated" the loans. This argument is without support in the record. It is based only on a reference, made for the first time in Houston's application for rehearing, to a deposition never filed in this case, but taken in another case in which one of Houston's principals responded affirmatively when asked if the loans had been accelerated. The deposition patently does not serve as evidentiary material in this case.

The judgment is AFFIRMED.