THE PERSONAL TOUCH, INC.

v.

LENOX, INC.

Civ. A. No. 87–6331.

United States District Court, E.D. Pennsylvania.

Sept. 16, 1988.

Edward F. Kane, Kane, Pugh, Knoell & Driscoll, Norristown, Pa., for plaintiff.

Peter Nordberg, Lawrence J. Fox, Drinker Biddle & Reath, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

LOWELL A. REED, Jr., District Judge.

Presently before the court is the motion of the plaintiff The Personal Touch, Inc. for a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure and the motion of the defendant Lenox, Inc. to strike plaintiff's demand for a jury trial. For the reasons set forth below, the motion of the plaintiff will be denied and the motion of the defendant will be granted.

Plaintiff commenced this action on October 6, 1987. A timely demand for a jury trial was never made in accordance with Fed.R.Civ.P. 38(b). That Rule provides, in pertinent part:

> Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

If a party fails to demand a jury trial pursuant to Rule 38(b), such party is deemed to have waived its right to a jury trial under Rule 38(d).[1] *See Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir.1977). Plaintiff's counsel admits that it never properly demanded a jury trial in accordance with the Rule, but contends that checking the jury demand box on the civil cover sheet was sufficient to place the defendant on notice that a demand for a jury trial had been made. However, courts which have confronted this issue uniformly agree that "the notation on the Cover Sheet is not a substitute for the service of written notice on the defendants required by the Federal Rules." *Omawale v. WBZ*, 610 F.2d 20, 22 (1st Cir.1979). *See also Wall v. National Railroad Passenger Corp.*, 718 F.2d 906, 909 (9th Cir.1983); *Cochran v. Birkel*, 651 F.2d 1219, 1221 n. 4 (6th Cir.1981), *cert. denied*, 454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982); *Biesenkamp v. Atlantic Richfield Co.*, 70 F.R. D. 365, 366 (E.D.Pa.1976). The civil docket sheet is merely an administrative instrument utilized by the court to assist it in the management of its cases. This document is not served upon the defendant and therefore cannot properly substitute for service in accordance with Rule 38(b). *See Wall*, 718 F.2d at 909.

Nevertheless, plaintiff requests that this court exercise its discretion to grant its motion for a jury trial. Although it is true that Rule 39(b) allows me to grant plaintiff's motion, the exercise of such discretion must be firmly "based upon circumstances warranting its exercise lest discretion become a mere arbitrary act of the court." *Kalmanovitz v. G. Heileman Brewing Co., Inc.*, 610 F.Supp. 1319, 1328 (D.Del.1985). Plaintiff's counsel, in its conclusory and brief memorandum in support of its motion, does not provide this court with any reasonable explanation for his failure to properly demand a jury trial. Furthermore, other than a cursory remark concerning counsel's belief that his own inadvertence should not prejudice his client,

---

1. Fed.R.Civ.P. 38(d) provides, in pertinent part: The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

plaintiff's counsel has advanced no sound reason for this court to exercise its discretion to relieve plaintiff of its waiver of a jury trial. The law could not be clearer. It has long been settled that "mere inadvertence, *Bullock v. Sterling Drug, Inc.*, 8 F.R.D. 575 (E.D.Pa.1948), oversight, *Ridge Theatre Corp. v. United Artist Corp.*, 27 F.R.D. 8 (E.D.Pa.1961), or lack of diligence, *McConney v. Great Atlantic & Pacific Tea Co.*, 455 F.Supp. 1143 (E.D.Pa.1978), [on the part of counsel] will not justify the omission or abrogate the waiver [of a jury trial]." *Bank Building & Equipment Corporation of America v. Mack Local 677 Federal Credit Union*, 87 F.R.D. 553, 555 (E.D.Pa.1980). *See also Kalmanovitz v. G. Heileman Brewing Co., Inc.*, 610 F.Supp. 1319, 1328 (D.Del.1985); *Biesenkamp v. Atlantic Richfield Co.*, 70 F.R.D. 365, 366 (E.D.Pa.1976); *Ridge Theatre Corp. v. United Artist Corp.*, 27 F.R.D. 8 (E.D.Pa.1961). Although plaintiff's counsel admits his inadvertence in properly demanding a jury trial, counsel asserts that because "there is no conceivable way in which the defendant can be prejudiced by this request," this court should grant the motion. Yet even if I assume, arguendo, that granting plaintiff's motion would not prejudice the defendant, it does not necessarily follow that I should grant its motion for a jury trial at this stage in the proceedings. Prejudice to the other party is merely one consideration in evaluating whether it is appropriate to exercise my discretion. As Judge Troutman has noted:

> To sanction [a party's] omission would invite disregard of procedural requirements in all of the Rules, cause delay in disposition of disputes by creating confusion on trial dockets and prejudice the opposing party by injecting an unnecessary element of uncertainty into trial strategy and preparation. Worse, the Rules' articulated purpose of securing the 'just, speedy and inexpensive determination of every action' would be reduced to an empyrean principle with no practical meaning.

*Bank Building & Equipment Corporation of America v. Mack Local 677 Federal Credit Union*, 87 F.R.D. 553, 555 (E.D.Pa.1980) (citation omitted).

Additionally, I should note that this case involves a commercial transaction which can easily be tried by the Court. I see nothing unique about the facts of the case which convince me that the plaintiff will be unduly prejudiced if the case is tried by the Court, rather than a jury. Plaintiff initially had a right to have its case tried by a jury under Rule 38(b). Once it waived that right, however, plaintiff needed to justify its request to relieve it from the waiver of a jury trial. For the reasons articulated above, I do not believe that plaintiff has presented this court with sufficient reasons to grant its motion and do not believe that such relief is warranted. An order follows.

### ORDER

AND NOW, this 16th day of September, 1988, upon consideration of the motion of plaintiff for a jury trial, the response of defendant thereto, the motion of the defendant to strike the demand for a jury trial and for the reasons set forth in the foregoing Memorandum, it is hereby ORDERED that the motion of plaintiff is DENIED and the motion of the defendant to strike plaintiff's demand for a jury trial is GRANTED.