Nathaniel H. KAROL, Liliane L. Karol and N.H. Karol & Associates, Inc., Plaintiffs,

v.

BEAR STEARNS & CO., INC., Defendant.

No. 87 C 10176.

United States District Court, N.D. Illinois, E.D.

Feb. 24, 1989.

### MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

On November 25, 1987, plaintiffs Nathaniel H. Karol, Liliane L. Karol and N.H. Karol & Assoc., Ltd. (collectively "the Karols") filed this action charging defendants Bear Stearns & Co. and certain of its agents and officers (collectively "Bear Stearns") with violations of the Securities and Exchange Act of 1934 and various state common law duties. While the Karols indicated on the civil cover sheet that the lawsuit would be tried before a jury, they did not include a jury demand in their complaint or formally request a jury trial within ten days of March 2, 1988, the date Bear Stearns filed its answer. The Karols thereby waived their right to a jury as to all claims set forth in their original com-

plaint. Fed.R.Civ.P. 38.[1] *Stewart v. RCA Corp.*, 790 F.2d 624, 629 (7th Cir.1986) (filing of answer triggers the ten-day requirement of Rule 38); *Wall v. National Railroad Passenger Corp.*, 718 F.2d 906, 909 (9th Cir.1983) (checking the jury demand box on a civil cover sheet does not satisfy Rule 38). The Karols voluntarily withdrew the state law claims after Bear Stearns moved to compel their arbitration. The Karols now move to amend the complaint to add a jury demand and new federal securities claims. For the following reasons, the motions are granted, and we order the parties to proceed before an arbitrator.

### Motion to Amend to Add Jury Demand to Original Counts

Rule 39(b) provides that

Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

The Seventh Circuit urges a generous application of Rule 39(b). "In the absence of strong and compelling reasons to the contrary, untimely jury demands should be granted." *Merritt v. Faulkner*, 697 F.2d 761, 767 (7th Cir.), *cert. denied*, 464 U.S. 986, 104 S.Ct. 434, 78 L.Ed.2d 366 (1983). Factors to consider in excusing a jury waiver include "(1) whether the case involves issues which are best tried to a jury; (2) whether granting the motion would result in a disruption of the court's schedule or that of the adverse party; (3) the degree of prejudice to the other party; (4) the length of delay in having requested a jury trial; and (5) the reason for the movant's tardiness in requesting a jury trial." *AM Inter-*

*national, Inc. v. Eastman Kodak Co.*, 648 F.Supp. 506, 507 (N.D.Ill.1986).

The Karols establish through affidavits that attorney inadvertence explains their failure to comply with Rule 38. They asked their attorney Robert Queeney for a jury trial. Queeney appropriately prepared the civil cover sheet and asked his partner Steven B. Varick to draft the complaint. Varick failed to include a jury demand in the complaint, and Queeney did not become aware of this omission until he had a conversation with opposing counsel on November 15, 1988. Queeney immediately moved to amend.

■ The parties dispute whether a waiver resulting from attorney inadvertence may ever be excused. Bear Stearns relies heavily on a pre-*Merritt* Seventh Circuit decision in which the court stated "[a]s a general rule, mere inadvertence will not justify relief from waiver of the right to trial by jury ..." *Ma v. Community Bank*, 686 F.2d 459, 470 (7th Cir.), *cert denied and appeal dismissed*, 459 U.S. 962, 103 S.Ct. 287, 74 L.Ed.2d 273 (1982). We do not view that statement as an absolute bar to granting a jury trial under these circumstances. To the extent that it is as categorical as Bear Stearns suggests, we agree with Judge Ann C. Williams' conclusion in *Optigraphics Corp. v. Gunthorp–Warren Printing Co.*, No. 87 C 9597, 1988 U.S. Dist. Lexis 4116 n. 1 (N.D.Ill. May 11, 1988) [1988 WL 48339], that the Seventh Circuit "implicitly undermined the reasoning in *Ma* by citing with approval a case where leave to file an untimely jury demand was given notwithstanding counsels' inadvertence." *See also Brach v. Amoco Oil Co.*, 570 F.Supp. 1437, 1440 (N.D.Ill.1983); *G. Bauknecht GmbH v. Electronic Relays, Inc.*, 569 F.Supp. 404, 415 (N.D.Ill.1983) (stating with citation to *Merritt:* "Though case law is split as to what constitutes a sufficient

---

**1.** Rule 38 provides in pertinent part:
(b) Demand. Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

\* \* \* \* \* \*

(d) Waiver. The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

excuse, even the most lenient approach (to which our own Court of Appeals subscribes) requires a showing of inadvertence."). Thus, inadvertence such as that set forth by the Karols may, in the absence of strong and compelling reasons to the contrary, provide a basis for relief under Rule 39(b).

■ Bear Stearns has not presented sufficient grounds for denying the Karols their untimely jury demand. The issues to be litigated are no more complex than in any other action under the federal securities laws. The parties have until April 7, 1989, to prepare the final pre-trial order and can adjust their preparations if need be to account for the change of trier of fact.

Bear Stearns contends that it will suffer significant prejudice from granting the Karols' belated jury demand in that it refrained from enforcing its right to arbitrate these claims on the understanding that the court, rather than a jury, would make findings of fact. We agree with Bear Stearns that the Customer Agreement that forms the basis of its relationship with the Karols gives it the absolute right to arbitrate the claims in this action:

Any controversy arising out of or relating to your account in connection with transactions between us or pursuant to this Agreement or the breach thereof shall be settled by arbitration.... If you do not make such election ... then Bear Stearns may make such election. ¶ 13.

Arbitration provisions are enforceable as to claims arising under § 10(b) of the Securities Exchange Act of 1934 and SEC rules promulgated thereunder. *Shearson/American Express, Inc. v. McMahon*, 482 U.S. 220, 107 S.Ct. 2332, 2343, 96 L.Ed. 2d 185 (1987). The Karols isolate a later clause in that same paragraph to contend that they have an absolute right to a judicial forum notwithstanding the arbitration provision. The sentence from which the Karols lift that clause is as follows:

You understand that this Agreement to arbitrate does not constitute a waiver of your right to a judicial forum where such a waiver would be void under the Securities Laws and, specifically does not prohibit you from pursuing any claim or claims arising under the federal securities laws in any court of competent jurisdiction.

We do not view this sentence as derogating from Bear Stearns' right to arbitrate the Karols' claims. At most, it puts the customer on notice that in the event federal securities law forbids contractual duties to arbitrate a dispute, the arbitration provision is unenforceable. As courts have found in interpreting and enforcing identical clauses in other customer agreements, the arbitration provision pre-dated the repeal of SEC Rule 15c2–2 which forbade the enforcement of such provisions. *See, e.g., Reed v. Bear Stearns & Co.*, 698 F.Supp. 835 (D.Kan.1988). *Shearson/American Express* upheld their enforceability in the context of § 10(b) claims and accordingly renders the sentence upon which the Karols rely wholly inapplicable. In any event, to the extent that the two quoted sentences together create an ambiguity, arbitration is warranted in light of the federal policy favoring arbitration: "[A]ny doubts concerning the scope of arbitral issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability." *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1982).

Nevertheless, Bear Stearns will not be prejudiced by our granting the Karols' jury demand because it may still enforce the arbitration provision. Bear Stearns has not waived its right to pursue arbitration. In an unusual and candid recitation of litigation strategy, Bear Stearns states that it forewent arbitration on the federal securities claims because it expected the court to decide their merits. It would be grossly unfair to excuse the Karols' jury waiver but hold that Bear Stearns waived arbitration by relying on that waiver. Further, the Karols are contractually precluded from opposing arbitration were Bear

Stearns to seek to enforce the arbitration provision:

No term or provision of this Agreement may be waived or modified unless in writing and signed by the party against whom such waiver of modification is sought to be enforced. Bear Stearns' failure to insist at any time upon strict compliance with this Agreement or with any of the terms hereunder or any continued course of such conduct on its part shall in no event constitute or be considered a waiver by Bear Stearns of any of its rights or privileges. Customer Agreement, ¶ 11.

### Motion to Amend to Add New Claims

Bear Stearns does not oppose the motion to add certain federal securities law claims but contends that the Karols are not entitled to a jury trial on those claims. It is well-established that a plaintiff who waives the right to a jury trial by failing to make a timely jury demand waives the right on any counts later added to the complaint that involve the same area of dispute. *Communications Maintenance, Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1208 (7th Cir.1985). A plaintiff cannot revive a forfeited right to a jury merely by adding new counts that frame the same factual circumstances into claims for recovery under new theories of relief. *Hostrop v. Bd. of Jr. College Dist. No. 515*, 523 F.2d 569, 581 (7th Cir.1975), *cert. denied*, 425 U.S. 963, 96 S.Ct. 1748, 48 L.Ed.2d 208 (1976). We need not determine whether the new claims raise "new issues" because our excusing Karols' waiver of a jury trial as to the claims in the original complaint applies to the new claims as well.

### Conclusion

For all these reasons, the Karols' motions to amend to add claims and a jury demand are granted. Since Bear Stearns has represented that it will move to compel arbitration in the event we allow the jury demand, the parties have fully argued Bear Stearns' right to arbitrate these claims, and we agree on the applicability of the arbitration clause, the parties are to proceed forthwith to arbitration. This action is dismissed with prejudice. It is so ordered.