**Jeremiah HOLLINS, Plaintiff,**

v.

**HOECHST CELANESE CORPORATION and John Barth, Defendants.**

**Civ. A. No. 90–0534–AH.**

United States District Court,
S.D. Alabama, S.D.

Jan. 11, 1991.

Ronnie L. Williams, Mobile, Ala., for plaintiff.

William Tidwell and Walter T. Gilmer, Hand, Arendall, Bedsole, Greaves & Johnston, Mobile, Ala., for defendants.

### ORDER

HOWARD, Chief Judge.

This cause is before the Court on the defendant's motion to hold the plaintiff's jury demand insufficient. The plaintiff claims are premised upon Title VII and 42 U.S.C. Section 1981. Although the plaintiff clearly is not entitled to a jury trial on his Title VII claim, the defendants maintain that the plaintiff has waived his right to a jury trial on his section 1981 claim because he did not serve a jury demand on the defendants in accordance with Rule 38 of the Federal Rules of Civil Procedure. The plaintiff's position is that checking the "Yes" box next to "Jury Demand" on the Civil Cover Sheet was sufficient to comply with Rule 38. Rule 38 provides:

Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the

last pleading directed to such issue. Such demand may be endorsed upon a pleading of the party.

Fed.R.Civ.P. 38(b).

In the present case, the plaintiff's complaint was filed on July 12, 1990 alleging violations of both Title VII and section 1981. No jury demand was presented in the complaint. The defendants filed their answer on August 16, 1990. "If the only pleadings in the case are the complaint and the answer, the demand for jury trial must be served not later than ten days after service of the answer." 9 C. Wright & A. Miller, *Federal Practice & Procedure*, § 2320, at 92 (1971). Moreover, "[t]he failure of a party to serve a demand as required by this rule and to file as required by Rule 5(d) constitutes a waiver by the party of trial by jury." Fed.R.Civ.P. 38(d).

The Court finds that checking the "yes" box on the Civil Cover Sheet is insufficient to comply with the specific language of Rule 38. The clear weight of authority suggest that the cover sheet is intended only as an administrative aid and that checking the "yes" box does not constitute a proper jury demand. *Favors v. Coughlin*, 877 F.2d 219 (2d Cir.1989) (despite the liberality given to the pleadings of *pro se* plaintiffs, civil cover sheet cannot substitute for a litigant's pleadings and demand for a jury trial); *Houston North Hospital Properties v. Telco Leasing, Inc.*, 688 F.2d 408, 410 (5th Cir.1982) ("mere appearance of the words 'jury requested' on the docket cover sheet is insufficient to preserve the right to a jury trial absent a showing that rule 81(c) or rule 38 has, in fact, been complied with."); *Cochran v. Birkel*, 651 F.2d 1219, 1221 n. 4 (6th Cir.1981), *cert. denied*, 454 U.S. 1152, 102 S.Ct. 1020, 71 L.Ed.2d 307 (1982) (notation on civil cover sheet is insufficient); *Cox v. C.H. Masland & Sons, Inc.*, 607 F.2d 138, 143 n. 5 (5th Cir.1979) (The plaintiff waived his right to a jury trial even though he had "stated that he thought he had originally demanded a jury by marking the cover sheet to his suit.")

The Court finds the reasoning of these cases sound. One purpose of Rule 38 is to give the opposing party sufficient notice that the case will be tried by jury. The civil cover sheet typically does not accompany the pleadings served on litigants and in fact was not served with the complaint on the defendants in this case. Thus, the defendants had no notice that the plaintiff was requesting a jury trial on his section 1981 claim. Accordingly, the Court finds that the plaintiff has waived his right to a trial by jury on the section 1981 claim and the Clerk is directed to place the above-styled action on the non-jury trial calendar.