Donald **EARLY**, Plaintiff,

v.

**BANKERS LIFE AND CASUALTY COMPANY** and United States Equal Employment Opportunity Commission,[1] Defendants.

No. 90 C 6711.

United States District Court,
N.D. Illinois,
Eastern Division.

May 3, 1994.

Alfred E. Aspengren, Aspengren & Associates, Chicago, IL, for Donald E. Early.

---

1. United States Equal Employment Opportunity Commission ("EEOC") is no longer a party defendant in this action. On February 1, 1991, the court granted the motion of EEOC to dismiss the complaint against it.

Harry M. Sangerman, Kearney Wood Kilens, McDermott, Will & Emery, Chicago, IL, for Bankers Life and Cas. Co.

Craig Arthur Oswald, U.S. Atty's. Office, Chicago, IL, Maia R. Caplan, U.S. Equal Employment Opportunity Com'n, Washington, DC, for Equal Employment Opportunity Com'n.

### OPINION AND ORDER

NORGLE, District Judge:

Before the court is the motion of plaintiff Donald Early ("Early") to amend his complaint to include a demand for a jury trial.[2] For the following reasons, the motion is denied.

### BACKGROUND

On November 16, 1990, Early filed a complaint against defendant Bankers Life and Casualty Company ("Bankers") alleging that Bankers engaged in unlawful employment discrimination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* The original complaint does not reflect Early's demand for jury trial. Furthermore, the court record indicates that Early never filed a separate jury demand with the court.

After the original complaint was filed, Bankers filed its appearance on December 7, 1990. On December 28, 1990, Bankers filed a motion to dismiss, or in the alternative, for summary judgment in lieu of an answer. On February 28, 1991, the court entered an order granting the motion to dismiss. After the dismissal, Early filed a motion to amend his complaint; however, the court denied the motion and entered judgment in favor of Bankers.

Subsequently, Early appealed the court's decision dismissing the complaint to the Seventh Circuit Court of Appeals. On March 25, 1992, the Seventh Circuit reversed the judgment of the court and remanded the action for further proceeding. *See Early v. Bankers Life and Casualty Co.,* 959 F.2d 75 (7th Cir.1992). On July 17, 1992, Early filed a motion for leave to file his first amended complaint. The court granted the motion. The first amended complaint does not show Early's demand for a jury trial. On July 24, 1992, in response to the first amended complaint, Bankers filed its answer. After the answer was filed, the parties proceeded routinely with discovery in preparation for trial on the contested issues.

On March 11, 1994, Bankers delivered its proposed final pre-trial order to Early's counsel. Early's counsel reviewed the proposed pre-trial order and discovered that Bankers expected the trial to be a bench trial. Early's counsel, as did his client, believed that a proper jury demand was made in this matter. In order to determine whether such belief was accurate, Early's counsel reviewed the court record with hopes of finding a jury demand, but to no avail.

The only document which makes a reference to a jury demand is the civil cover sheet that is usually filed at the time of filing a complaint with the clerk's office. At the bottom of the civil cover sheet, there is a section which inquires about the various requests made in the complaint. One of those inquiries is whether the plaintiff requests a jury demand. There are boxes marked "yes" and "no" to be checked in order to respond to the inquiry. The civil cover sheet filed with Early's complaint shows that the "yes" box is checked. The inquiry, however, also includes the following caveat: "Check YES only if demanded in complaint." Pl.'s Mot. Exh. C.

After realizing that the court record does not contain a proper jury demand, Early's

---

**2.** Early's instant motion is styled *Leave to Amend Plaintiff's Amended Complaint with a Jury Demand.* The motion is essentially a motion for the court's determination as to whether Early has filed a timely jury demand in this case. Additionally, although Early did not file a formal motion under Fed.R.Civ.P. 39(b) to invoke the court's discretion to order a jury trial, Early in his reply brief raises Fed.R.Civ.P. 39(b) as an alternative remedy, and requests the court to exercise its discretion. Further, Bankers' response brief discusses Rule 39(b) and contains its argument against its invocation. Thus, the court will focus on the issues of whether Early has complied with Fed.R.Civ.P. 38(b) and whether the relief under Rule 39(b) is appropriate in this case.

counsel searched his own records to locate a copy of the jury demand, but again to no avail. As a result, the instant motion is filed with the court to clarify the matter. In response to the motion, Bankers objects and argues that it never received a notice of such demand, and that filing of such demand at this juncture is untimely and prejudicial.

### DISCUSSION

■ Early has filed his action against Bankers under the ADEA. The ADEA provides that any person aggrieved by age discrimination may bring a civil action, and he or she "shall be entitled to a trial by jury of any issue of fact in any such action...." 29 U.S.C. § 626(c)(2). The relevant provision, however, does not create a presumption that all actions brought under the ADEA shall be automatically tried before a jury, unless expressly waived by the aggrieved party. Therefore, a plaintiff in an ADEA case must properly make the demand for a jury trial in accordance with the Federal Rules of Civil Procedure in order to preserve that right at the trial stage.

Rule 38 of the Federal Rules of Civil Procedure describes the mechanism to be followed to properly demand a jury trial. The relevant language of the rule states as follows:

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

Fed.R.Civ.P. 38(b). Failure to adhere to the procedure as described under Rule 38(b) results in a waiver of the right to trial by jury. Fed.R.Civ.P. 38(d). While most constitutionally protected rights require "intentional relinquishment or abandonment" in order to

effectuate a proper waiver of the right, *Barber v. Page*, 390 U.S. 719, 725, 88 S.Ct. 1318, 1322, 20 L.Ed.2d 255 (1968), the right to a jury trial guaranteed by the Seventh Amendment of the United States Constitution may be waived by a mere failure to act. *See Communications Maintenance, Inc. v. Motorola, Inc.*, 761 F.2d 1202, 1208 (7th Cir.1985) ("Failure to file timely demand results in waiver of the right"); 9 WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2321 (1971) (fact that jury trial right arises under the Constitution insufficient to abrogate Rule 38(d) waiver).

■ Pursuant to Rule 38(b), the party desiring a jury trial must therefore satisfy four requirements. First, the party must reduce his demand for jury trial in writing. Second, the written jury demand must be served upon the other party. Third, the first and second requirements must be satisfied during the time period between filing of the complaint and ten days after the service of the last pleading directed to the issue triable by a jury. The term "last pleading" as employed within the third requirement refers to a pleading which contests the issue triable by a jury. *McCarthy v. Bronson*, 906 F.2d 835, 840 (2d Cir.1990). Generally, such pleading will be an answer to a complaint or a reply to a counterclaim. *In re Kaiser Steel Corp.*, 911 F.2d 380, 388 (10th Cir.1990). A motion to dismiss a complaint, however, is not considered a "last pleading" directed to an issue triable by a jury. *United States v. Anderson*, 584 F.2d 369, 372 (10th Cir.1978). Fourth, the written jury demand and the certificate of service must be filed with the court within a reasonable time.[3]

■ Applying Rules 38(b) and (d) to the facts, Early has failed to file a timely demand for jury trial and thus waived his right to a trial by jury. Early represents that he prepared a jury demand separate from the original complaint and filed the same at the time he filed his complaint on November 16, 1990.

---

3. Rule 38(b)(2) requires filing of the demand in compliance with Fed.R.Civ.P. 5(d). Rule 5(d) provides that:

   All papers after the complaint required to be served upon a party, together with a certificate of service, shall be filed with the court within a reasonable time after service,.... Fed.R.Civ.P. 5(d).

Early further asserts that he made two photocopies of the jury demand and mailed them to defendants United States Equal Employment Opportunity Commission ("EEOC") and Bankers on November 17, 1990. Additionally, Early attaches the civil cover sheet and the computer generated docket summary sheet for 90 CV 6711, which reflect that Early demanded a trial by jury, as exhibits to his motion.[4] To the contrary, Bankers in its response to the instant motion states that it never received a copy of Early's jury demand in 1990 or during the pendency of this litigation.

Assuming, *arguendo*, the court accepts Early's representation as true, Early still fails to satisfy the fourth requirement. Early admits and does not contest that the court record does not contain a copy of the jury demand. The court's own review of the court record indicates that Early never filed a copy of the jury demand or the certificate of service purportedly served upon EEOC and Bankers in compliance with Fed.R.Civ.P. 5(d). Thus, Early failed to file a timely demand for a jury trial.

Even if the court grants Early's motion to file an amended complaint so that Early has the opportunity to insert his demand for jury trial, such a demand would still be untimely. The court record indicates that the original complaint was filed on November 16, 1990. Bankers, however, did not serve its answer to Early's claim until July 24, 1992. The certificate of service filed with Bankers' answer indicates that a copy of the answer was mailed to Early on July 24, 1992. Pursuant to Fed.R.Civ.P. 6(e),[5] the ten day time limitation began to run on July 27, 1992, and terminated on August 6, 1992. Thus, filing a jury demand in 1994, Early cannot satisfy the third requirement.

■ Notwithstanding Early's failure to file a timely demand, the court may, upon motion, in its discretion order a jury trial pursuant to Rule 39(b).[6] Rule 39(b) of the Federal Rules of Civil Procedure affords a party the proverbial second bite at the apple to seek a jury trial. In assessing a party's untimely request for a jury trial under Rule 39(b), the court must consider and balance five factors. *AM Int'l, Inc. v. Eastman Kodak Co.*, 648 F.Supp. 506, 507 (N.D.Ill.1986). The five factors are as follows: (1) whether the issues involved are best tried before a jury; (2) whether the court's schedule or that of the adverse party will be disrupted; (3) the degree of prejudice to the opposing party; (4) the length of delay; and (5) the reason for the movant's tardiness in demanding a jury trial. *Id.* (citing *Parrott v. Wilson*, 707 F.2d 1262, 1267 (11th Cir.), *cert. denied*, 464 U.S. 936, 104 S.Ct. 344, 78 L.Ed.2d 311 (1983)). Among the five factors, the more significant factors are (3), (4), and (5). *AM Int'l*, 648 F.Supp. at 508.

4. It is axiomatic that a civil cover sheet notation reflecting a jury demand does not comply with the demand procedures specified under Fed. R.Civ.P. 38(b). *Favors v. Coughlin*, 877 F.2d 219, 220 (2d Cir.1989); *see also O'Malley v. United States Fidelity and Guar. Co.*, 776 F.2d 494, 502 (5th Cir.1985); *Pinemont Bank v. Belk*, 722 F.2d 232, 235 (5th Cir.1984); *Wall v. Nat'l R.R. Passenger Corp.*, 718 F.2d 906, 909 (9th Cir.1983); *Houston North Hosp. Props. v. Telco Leasing, Inc.*, 688 F.2d 408, 410 (5th Cir.1982); *Omawale v. WBZ*, 610 F.2d 20, 22 (1st Cir.1979); *Devine v. Combustion Eng'g, Inc.*, 760 F.Supp. 989, 993–94 (D.Conn.1991); *Hollins v. Hoechst Celanese Corp.*, 134 F.R.D. 299, 300 (S.D.Ala. 1991); *The Personal Touch, Inc. v. Lenox, Inc.*, 122 F.R.D. 470, 471 (E.D.Pa.1988); *Henderson v. Harrah's Marina Hotel Casino*, 110 F.R.D. 66, 67 (E.D.Pa.1986); *Biesenkamp v. Atlantic Richfield Co.*, 70 F.R.D. 365, 365 (D.C.Pa.1976). Further, the administrative information, including jury demands, contained in the civil docket sheets are derived from the civil cover sheets. Thus, the court will not discuss this point any further.

5. Fed.R.Civ.P. 6(e) provides that:

Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, 3 days shall be added to the prescribed period.

6. Fed.R.Civ.P. 39(b) provides that:

Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court; but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues.

In examining these factors, this court is not without guidance from the Seventh Circuit. In *Ma v. Community Bank*, 686 F.2d 459 (7th Cir.), *cert. denied*, 459 U.S. 962, 103 S.Ct. 287, 74 L.Ed.2d 273 (1982), the Seventh Circuit concluded that mere inadvertence will not justify relief from the consequences of failure to adhere to Fed.R.Civ.P. 38(b). *Id.* at 470. In *Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.), *cert. denied*, 464 U.S. 986, 104 S.Ct. 434, 78 L.Ed.2d 366 (1983), the Seventh Circuit pronounced that an untimely jury demand should normally be granted, absent strong and compelling reasons to the contrary. *Id.* at 767. The *Ma* school of thought on Rule 39(b) appears to suggest that the movant must demonstrate a justifiable excuse for the delay to seek relief under Rule 39(b). In contrast, the *Merritt* rule appears to encourage granting untimely jury demands as a general rule, unless granting 39(b) relief will result in inequity. Some district courts have held that the prevailing view in the Seventh Circuit is the *Merritt* standard. *Karol v. Bear Stearns & Co., Inc.*, 708 F.Supp. 199 (N.D.Ill.1989) (Aspen, J); *G. Bauknecht GmbH v. Electronic Relays, Inc.*, 569 F.Supp. 404 (N.D.Ill.1983) (Shadur, J.). *Optigraphics Corp. v. Gunthorp–Warren Printing Co.*, No. 87 C 9597, 1988 WL 48339 (N.D.Ill. May 11, 1988) (Williams, J.); *Laurence v. Minnesota Mut. Life Ins. Co.*, No. 88 C 10027, 1990 WL 165596 (N.D.Ill. Oct. 22, 1990) (Marovich, J.).[7]

A close reading of the *Merritt* case, however, reveals that the Seventh Circuit did not implicitly reverse its ruling in *Ma*. The court in *Merritt* relied heavily on the fact that the party seeking Rule 39(b) relief was a blind, indigent, incarcerated, *pro se* litigant alleging violations of his Eighth Amendment and that the case involved a mere nine-day delay in requesting a jury trial. In contrast, *Ma* involved a request for jury trial after a one-year delay. This court is of the view that *Ma* and *Merritt* are not inapposite or mutually exclusive. Rather, these decisions co-exist and stand for the proposition that Rule 39(b) relief should be granted only if the totality of the circumstances surrounding the untimely jury demand indicates that there is some colorable justification for the tardy jury demand *and* that noncompliance has no substantive effect on the other party. Of course, the five factors previously discussed must be part of the totality of the circumstances analysis.

■ Turning to the relevant factors, the court finds that the factors do not weigh in favor of granting Rule 39(b) relief. First, Early provides no justifiable explanation for the untimely jury demand. Early argues that he filed a jury demand with the court and served a copy of that demand to Bankers. The uncontroverted facts in this case, however, demonstrates that the jury demand was never filed with the court, never served on Bankers, and further, Early does not even have a copy of the purported jury demand in his own record. Under these circumstances, the court cannot accept that the reasons for the delay in requesting a jury trial was due to inadvertence. Further, the court finds that Early has failed to demonstrate a justification for his delay.

Second, the delay is significant in this case. The prescribed time period for filing a jury demand expired some nineteen months ago in August 1992. Additionally, Early filed his untimely demand for a jury trial, seeking relief under Rule 39(b), twenty days[8] after the parties have filed their final pre-trial orders.

Third, relief under 39(b) will cause undue prejudice to Bankers. From the inception of this lawsuit, Bankers expected a bench trial and therefore designed its litigation tactics and discovery strategies accordingly. The parties have concluded their discovery and

---

7. *Laurence* cites this court's opinion, *AM Int'l*, for the proposition that *Merritt* implicitly overruled *Ma*. While it is true that this court relied on the standard promulgated by *Merritt*, rather than *Ma*, in ruling on a motion for a jury trial under Rule 39(b), this court did not opine that the *Merritt* court reversed or criticized *Ma*.

8. This figure is derived from calculating the days from the date the final pre-trial orders were submitted and the date Early filed his reply brief in this matter.

submitted their final pre-trial orders. Additionally, the trial in the case is scheduled to commence on May 16, 1994. Thus, ordering a jury trial two weeks before the scheduled trial date will have a significant adverse impact on Bankers' trial strategy. In sum, the court finds that Early may not be excused from the Rule 38(b) requirements.

## CONCLUSION

For the foregoing reasons, the court denies Early's motion to amend the complaint to add jury demand and further denies his request for Rule 39(b) relief. In the instant matter, Early failed to timely file a jury demand and hence waived his right to a jury trial.

IT IS SO ORDERED.