Worthy SIDERS, Jr., Appellant,

v.

OHIO RIVER COMPANY, Appellee.

No. 71–1937.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule 12(6)
Oct. 3, 1972.

Decided Oct. 26, 1972.

Hymen Schlesinger, Pittsburgh, Pa., for appellant.

Anthony J. Polito, Rose, Schmidt & Dixon, Pittsburgh, Pa. (Judith A. Brown, Pittsburgh, Pa., of counsel), for appellee.

Before SEITZ, Chief Judge, and HASTIE and HUNTER, Circuit Judges.

OPINION OF THE COURT

PER CURIAM:

This is an appeal from a judgment of the district court denying appellant Si-ders' claim for "maintenance and cure." The district court, in a well-written opinion, 351 F.Supp. 987, held that appellant did not prove that he had become mentally or physically ill in any substantial way while on appellee's ship. The court found alternatively that appellant could be denied recovery because during his pre-employment physical, he wilfully concealed information about his prior poor health.

Appellant presents three grounds for reversal:

1) the district court's findings of fact and conclusions of law are clearly erroneous as to what appellant had to prove to recover maintenance and cure;

2) the district court applied the wrong legal standard as to what constitutes wilful misrepresentation;

3) appellant was denied a right to a jury trial because his "maintenance and cure" claim was joined with a claim based on the Jones Act under which he had a right to a jury trial.

Appellant's arguments are without merit: He has presented nothing to give us "the definite and firm conviction that a mistake has been committed" that is necessary to hold that a district court's findings of fact were "clearly erroneous" under Rule 52(a) of the Federal Rules of Civil Procedure. United States v. United States Gypsum Co., 333 U.S. 364, 394–395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). For the reasons set forth in its opinion, we hold that the district court correctly applied the law to these facts. It also used the proper standard to determine what constitutes wilful misrepresentation. McCorpen v. Central Gulf Steamship Corporation, 396 F.2d 547 (5th Cir. 1968).

Appellant was entitled to a trial by jury on both his Jones Act and maintenance and cure claims if he presented a request for one. Fitzgerald v. U. S. Lines Co., 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1962). It does not appear that he made such a request. There is not one in his complaint; there

is no showing that he objected to a non-jury trial; he did not list this argument as a grounds for error in his motion for a new trial, and he raises it for the first time on appeal. He has clearly waived his right to a jury trial. *See, e. g.*, Main Line Theatres, Inc., v. Paramount Film Distrib. Corp., 298 F.2d 801 (3d Cir. 1962); 5 Moore's Federal Practice ¶ 38.43. Additionally, the record supports a conclusion that his maintenance and cure claim was severed from his Jones Act claim (which carried the right to trial by jury) at appellant's request so as to permit an expedited trial of the former claim.

The judgment of the district court will be affirmed.