**Worthy SIDERS, Jr., Plaintiff,**
**v.**
**OHIO RIVER COMPANY, Defendant.**
**Civ. A. No. 68–176.**

United States District Court,
W. D. Pennsylvania.
Nov. 22, 1972.

Hymen Schlesinger, Pittsburgh, Pa., for plaintiff.

Anthony J. Polito, of Rose, Schmidt & Dixon, Pittsburgh, Pa., for defendant.

MEMORANDUM AND ORDER

MARSH, Chief Judge.

On February 8, 1968, Worthy Siders, Jr., plaintiff, filed this action against the Ohio River Company, defendant, claiming entitlement to compensatory damages under the Jones Act (46 U.S.C. § 688), and the admiralty doctrine of unseaworthiness. Subsequently, on May 20, 1969, plaintiff filed a second action against the defendant at Civil No. 69–608 seeking maintenance and cure from the defendant and damages under the Jones Act for alleged negligent failure to furnish maintenance and cure. A comparison of the complaints in these two actions reveals that both are based upon an incident which allegedly occurred aboard the defendant's Motor Vessel L. Fiore on or about August 24, 1967, while plaintiff was carrying a lockline in furtherance of his duties as a deckhand in the service of said vessel.[1]

On October 23, 1970, D.C., 351 F. Supp. 987, after a non-jury trial on the merits of plaintiff's maintenance and cure claims, we found that plaintiff did not suffer a traumatic injury aboard defendant's ship, and that he failed to prove that he had become mentally or physically ill in any substantial way

1. The complaints in the two actions are identical and vary only in the relief asked for by the plaintiff.

while on defendant's ship and, accordingly, entered judgment in favor of the defendant and against the plaintiff. Plaintiff's subsequent motions to alter or amend this judgment, and in the alternative to grant a new trial, were denied by Memorandum and Order dated April 12, 1971, and on May 11, 1971, plaintiff filed a Notice of Appeal to the United States Court of Appeals for the Third Circuit with respect to the aforementioned judgments.

On April 16, 1971, defendant moved that summary judgment be entered in its favor as to the plaintiff's Jones Act and unseaworthiness claims in this case based on the *res judicata* and/or collateral estoppel effect of the judgment in the maintenance and cure action. At the oral argument on this motion a question was raised as to whether or not the pendency of the appeal in the maintenance and cure action destroyed the finality of that judgment for purposes of *res judicata* and collateral estoppel; [2] and to amicably resolve this issue, counsel for both sides agreed that the decision on defendant's motion for summary judgment be deferred until after the appeal was decided.

On October 26, 1972, 3 Cir., 469 F.2d 1093, the Court of Appeals filed an opinion affirming the judgment of this court in the maintenance and cure action and, pursuant to the parties' agreement at oral argument, defendant's motion for summary judgment is now ripe for decision. It is our opinion that this motion should be granted on the basis that the final judgment in the maintenance and cure action has a collateral estoppel [3] effect on plaintiff's claims under the Jones Act and admiralty doctrine of unseaworthiness.

The judgment in plaintiff's maintenance and cure action was rendered after a full trial on the same factual allegations as are present in this case, and is grounded on a factual determination that plaintiff failed to establish that he suffered an injury or that he became physically or mentally ill aboard defendant's ship. Under the principle of collateral estoppel this factual determination is now conclusively established and cannot be relitigated by the same parties. Southern Pacific Railr'd v. United States, 168 U.S. 1, 48, 18 S.Ct. 18, 42 L.Ed. 355 (1897); United States v. Silliman, 167 F.2d 607, 613 (3d Cir. 1948). Since the fact of injury is an indispensible element to plaintiff's present case, and because this factual issue was raised in his maintenance and cure action and determined adversely to him, he is bound by that determination and, in our judgment, this binding adverse finding on an essential element works as a complete estoppel to plaintiff's present claims based upon the Jones Act and the admiralty doctrine of unseaworthiness. Walker v. Ohio River Company, 428 Pa. 552, 239 A.2d 206 (1968); Musgrave v. Bronx Towing Line, Inc., 219 F.Supp. 918 (S.D.N.Y. 1963).

An appropriate order will be entered.

2. *But see* McAllister v. United States, 348 U.S. 19, 75 S.Ct. 6, 99 L.Ed. 20 (1954); 1B Moore's Federal Practice, ¶ 0.416 [3], p. 2254 (2d ed. 1965).

3. Since the issues presented in a Jones Act claim based on negligence or in an unseaworthiness claim are different from those in a maintenance and cure claim, the principle of *res judicata* has no application. Bartholomew v. Universe Tankships, Inc., 279 F.2d 911, 916 (2d Cir. 1960).