Richard W. PLUMMER and
Jane Plummer

v.

GENERAL ELECTRIC COMPANY, et al.

Civ. A. No. 81–1410.

United States District Court,
E. D. Pennsylvania.

Jan. 27, 1981.

Kathleen L. Daerr-Bannon, Philadelphia, Pa., Gerald D. Wahl, Detroit, Mich., for plaintiff.

Morris R. Brooke, Philadelphia, Pa., for defendant.

## MEMORANDUM

LOUIS H. POLLAK, District Judge.

This is an action to recover damages and to obtain equitable relief for alleged violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*, which was initially filed on March 11, 1981 in the Philadelphia Court of Common Pleas and was removed to this court on April 11, 1981. Plaintiff has filed two motions: (1) seeking leave to amend his complaint pursuant to Fed.R.Civ.P. 15(a); and (2) petitioning for relief from waiver of a jury trial pursuant to Fed.R.Civ.P. 39(b).

I

The amended complaint proposed by plaintiff would, if leave were granted, partially transform this lawsuit into a "representative action" brought, pursuant to 29 U.S.C. § 216(b), by plaintiff Richard Plummer on behalf of eight persons who claim that the defendant has discriminated against them on the basis of age in ways similar to those alleged by plaintiff. At the outset, it should be noted that seven of these eight individuals have already brought an action (Civil Action No. 81–4818; filed November 23, 1981) against the same defendant which has been assigned to my docket since it is a related case under the local rules of this district. In response

to plaintiff's motion, defendant contends that (a) the claims introduced by the eight new party plaintiffs are not sufficiently linked to plaintiff Plummer's original complaint to warrant the transformation of this single-plaintiff action into a representative one, and (b) the present action should not be delayed by allowing an amendment of the complaint which introduces many new issues and facts at this point in the litigation.

Section 216(b) of Title 29 provides in part that

> an action to recover the liability prescribed in [this title] may be maintained against any employer ... by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

The eight individuals whom plaintiff Plummer seeks to represent in this action have all filed written stipulations indicating that they have consented to become party plaintiffs and to have Plummer represent them.

The nine individuals named as plaintiffs in Plummer's proposed amended complaint appear to me to fall into two distinct categories. The first group—which includes Plummer, Anthony Anastasio, Allen Gliniewicz, Rodney Horton, and Richard Todd—appear to be "similarly situated" within the meaning of Section 216(b) since they all (a) during the relevant time period worked in or applied to General Electric's Military Programs Department, Space Systems Division, at Valley Forge, Pennsylvania, (b) advance similar claims of age-based discrimination relating to salary determinations, job assignment and promotion policy; and (c) seek substantially the same form of relief under the ADEA. *See Burgett v. Cudahy Co.*, 361 F.Supp. 617, 622 (D.Kan. 1973). While these five individuals do not present identical factual assertions, consolidation of their claims into a single repre-

sentative action would, in my view, provide an efficient procedure for litigating these related claims. Presumably, there would be some degree of overlap in the Military Programs Department managers and policies affecting these plaintiffs and therefore economies in the process of proof can be expected.

However, the allegations of the second group—which includes Lou Davis, Herman Jankowski, Francis Sullivan, and Donald Wood—suggest that these individuals do not share with the other plaintiffs an employment situation that is sufficiently similar to justify including them in a representative action under section 216(b). The record indicates that they are employed in various Departments and Divisions of General Electric other than the Military Programs Department, *see* Affidavit of Douglas G. Curley, and therefore it is difficult to see how Plummer can be relied upon to represent them adequately. Moreover, the defenses raised by General Electric will turn to a significant degree on the particular individual's employment situation and the decisions of particular managers about these employees. Thus, to the extent that the claims of these four individuals present questions concerning management policies and decisions made in employment situations significantly distinct from that of the other group of five plaintiffs, the propriety and usefulness of the section 216(b) procedure is diminished. In this case, the first group comprises a more homogeneous unit than a grouping of all nine plaintiffs would present.[1]

Therefore, the maintenance by plaintiff of a limited representative action, embracing the group of five individuals delineated in this memorandum, appears to be appropriate. This determination, however, does not dispose of plaintiff's motion entirely since it is also necessary to decide whether leave should be granted to amend the complaint at this point in the litigation. In determining whether leave to amend should be granted under Fed.R.Civ.P. 15(a), courts

---

1. Such a distinction does not appear to prejudice the second group since they presumably are able to assert their claims in separate actions.

must keep in mind the Supreme Court's admonition that "leave sought should, as the rules require, be, freely given" except where allowing amendment would result in undue prejudice or delay or where the motion to amend is motivated by bad faith. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Contrary to defendant's assertions, plaintiff's motion to amend, filed on November 18, 1981, does not come on the eve of trial. Though the discovery deadline for this case had been set for January 1, 1982, it has since been extended and no trial date has been set as yet. I am satisfied that the delay attributable to the proposed amendment would not be so great as to prejudice substantially defendant's ability to prepare an adequate defense. Given these considerations and the absence of any allegation of bad faith, an amendment at this point would be *proper*.

## II

I turn now to plaintiff's motion for relief from waiver of his right to demand a trial by jury. In the initial complaint and pleadings, plaintiff Plummer failed to demand a jury trial, and under Fed.R.Civ.P. 38(d) this generally constitutes an automatic waiver of his right to a jury trial. *Siders v. Ohio River Co.*, 469 F.2d 1093 (3d Cir. 1972). A court may, in certain circumstances, grant relief from waiver pursuant to Fed.R.Civ.P. 39(b) which provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." When the only basis for such relief advanced by the requesting party is the inadvertence or oversight of counsel, courts have generally denied relief. *See Fontaine v. Tasty Baking Co.*, 20 Fed.R. Serv.2d 490 (E.D.Pa.1975); *Todd v. Lutz*, 64 F.R.D. 150 (W.D.Pa.1974); *Godfrey v. Pabst Brewing Co.*, 15 Fed.R.Serv.2d 1309 (E.D. Pa.1972). *See generally* 5 Moore, Federal Practice ¶ 39.09 (3d ed. 1981). Nevertheless, this is not an absolute or automatic rule, and, as Professor Wright and Miller have succinctly stated:

Technical insistence upon imposing a penalty for default by denying a jury trial is not in the spirit of the rules. The rules do not limit the court's discretion in ordering a jury in cases in which there would have been a right to jury trial. The court ought to approach each application under Rule 39(b) with an open mind and an eye to the factual situation in that particular case, rather than with a fixed policy against granting the application...

9 Wright & Miller, *Federal Practice and Procedure: Civil* § 2334 at 115–16 (citations omitted) (1971). It is undisputed that had plaintiff initially demanded a jury trial, he would have been entitled to one. The factual issues presented by Plummer's claim are, in my judgment, properly susceptible to determination by a jury. Moreover, contrary to defendant's contentions, plaintiff's motion is not untimely since the discovery deadline for this case has been extended and no trial date has been set as yet; therefore, the orderly administration of the trial calendar will not be disturbed by granting plaintiff relief from waiver. Further, defendant has made no persuasive showing that any prejudice would result from trying this case before a jury. *See Cox v. C. H. Masland & Sons*, 607 F.2d 138, 144 (5th Cir. 1979). Finally, in some situations in which several parties are added to an action through amendments, consolidation or third-party practice, courts have granted relief from waiver in order to avoid the duplication of effort and waste of judicial resources entailed by trying one claim before a jury and other substantially similar claims before the court. *See American Standard Inc. v. Crane Co.*, 60 F.R.D. 35, 42–43 (S.D.N.Y.), *rev'd on other grounds*, 510 F.2d 1043 (2d Cir.), *cert. denied*, 421 U.S. 1000, 95 S.Ct. 2397, 44 L.Ed.2d 667 (1975); *Luth v. Clifton S. S. Corp.*, 27 F.R.D. 507, 508 (E.D.Pa.1961); *Moore, supra*, ¶ 39.09 at 39–26 and n.7. Therefore, plaintiffs' motion for relief from waiver of a jury trial will be granted.

For the foregoing reasons, I will, in an appropriate order accompanying this memo-

**314**

randum, deny plaintiffs' motion to amend their complaint without prejudice to the filing of a further amended complaint consistent with this opinion, and grant plaintiff's motion for relief from waiver of a jury trial.