**Louis LEE, Plaintiff,**

v.

**BOYLE–MIDWAY HOUSEHOLD PRODUCTS, INC., et al., Defendants.**

**Civ. A. No. 90–842.**

United States District Court, W.D. Pennsylvania.

Feb. 25, 1992.

Ted G. Yoakam, Pittsburgh, Pa., for plaintiff.

Richard G. Lewis, Wendy E.D. Smith, Pittsburgh, Pa., Mark W. Lynch, New York City, for defendants.

## MEMORANDUM OPINION

LEWIS, District Judge.

Plaintiff, a user of defendants' drain-cleanser products, originally filed this products liability action in state court. Although Pennsylvania law requires a plaintiff desiring a jury trial to make an affirmative demand under Pa.R.C.P. 1007.1(a), no jury demand was made during state court proceedings relating to this case.

On May 16, 1990, defendant Boyle–Midway Household Products ("Boyle–Midway"), relying upon the diversity jurisdiction of this forum, removed plaintiff's case from the Commonwealth Court. The pleadings in this matter have been closed since April 30, 1991, when defendant Zep Manufacturing Company

**534**

("Zep")[1] filed amended answers to the crossclaims asserted in Boyle–Midway's third party complaint. Plaintiff never demanded a jury trial at any time following the removal of his case from state court. At a conference on August 30, 1991, plaintiff's counsel, realizing for the first time that he had neglected to request a jury, orally requested that the court provide a jury trial for his client.[2] Boyle–Midway has objected to plaintiff's request on grounds that counsel's untimely demand is due solely to inadvertence. Both defendants demand, in the alternative, a jury trial on their contribution and indemnity claims if the objections to plaintiff's request do not prevail.

▪ Currently presented for the court's consideration is the question of whether a court should exercise its discretion under Rule 39(b) to permit a party to proceed before a jury where the failure to demand a jury was a result of counsel's own inadvertence or oversight. While it is generally recognized that mere oversight or inadvertence will not suffice to invoke the discretion of the court, some courts have taken a more lenient approach, stating that a motion for a jury trial should be granted absent strong and compelling reasons to the contrary. *Pinemont Bank v. Belk*, 722 F.2d 232 (5th Cir.1984); Moore, J. and Lucas, J., 5 *Moore's Federal Practice* ¶ 39.09 at 39–21 (1st Ed.1991). This opinion addresses the approach taken by courts in this circuit and considers approaches taken in other jurisdictions to the extent that they might assist this court in making the decision presented by the circumstances of this case.

As stated above, this case was commenced in state court where plaintiff failed to request a jury trial under state rules. Further, he did not request one before this court pursuant to Fed.R.Civ.P. 38 until the August 30 conference. Fed.R.Civ.P. 38 provides:

(a) **Right Preserved.** The right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate.

(b) **Demand.** Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue. Such demand may be indorsed upon a pleading of the party.

\* \* \* \* \* \*

(d) **Waiver.** The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by the party of trial by jury. A demand for trial by jury made as herein provided may not be withdrawn without the consent of the parties.

Issues not demanded for trial by jury as provided in Rule 38 shall be tried by the court. Fed.R.Civ.P. 39(b). Rule 39(b), however, provides: "but, notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any and all issues." Since the grant or denial of relief is committed to the trial court's discretion, the appellate courts normally refuse to interfere. Moore, J.

---

1. Zep was brought into this case as a third-party defendant, but plaintiff also filed suit against the company. Zep has since settled with the plaintiff and is only in the case as a third-party defendant being sued for contribution and indemnity by Boyle–Midway.

2. While a separate, formal motion for a jury trial is preferable, it is not required to invoke Rule 39(b); *any written indication* of the party's desire for a jury, such as an untimely jury demand, may be treated as a Rule 39(b) motion. *See Moores v. Greenberg*, 834 F.2d 1105 (1st

Cir.1987) (letter from plaintiff's counsel treated as a Rule 39(b) request). The significance of this provision is that, if *all* the parties want a non-jury trial, this court cannot compel them to accept a jury trial, even though they had a constitutional or statutory right to proceed before a jury. Although counsel's demand at the pretrial conference was made orally, for the purposes of this opinion, the court assumes that a letter from counsel has been or will be received. In any case, the court would not be imposing a jury trial on unwilling parties.

and Lucas, J., 5 *Moore's Federal Practice* ¶ 39.09 at 39–21 (1st Ed.1991) (citing cases from each circuit).

Appellate courts have occasionally neglected to articulate clear guidelines for the district courts to follow in exercising their discretion in this regard. Recently, however, the Eleventh Circuit isolated five factors which should be considered in passing on a discretionary motion for jury trial: (1) whether the case involves issues to be tried by a jury; (2) whether granting the motion would disrupt the court's or the adverse party's schedule; (3) whether the adverse party will be prejudiced; (4) how long the moving party delayed in bringing the motion; and (5) why the movant failed to file a timely demand for jury trial. *Sullivan v. School Board of Pinellas County*, 773 F.2d 1182 (11th Cir.1985) (denial affirmed where demand was made two years after the last pleading was served, plaintiff gave no reason for delay, and a jury trial would prejudice defendant and disrupt the court's schedule). While no single factor is determinative, each is an element to be considered when deciding whether relief will or will not be granted. *FDIC v. Palermo*, 815 F.2d 1329 (10th Cir.1987).

In the Third Circuit, three district courts have held explicitly that mere inadvertence of counsel does not justify granting relief from a waiver of the right to a jury trial. Observing that Rule 39(b) discretion was not to be exercised as an arbitrary or capricious prerogative, one court explained that mere negligence was not sufficient to obviate the need for a timely jury demand. *Todd v. Lutz*, 64 F.R.D. 150, 152 (W.D.Pa. 1974). In another personal injury action where the jury demand was initially overlooked but was made only two months after the close of pleadings, the Eastern District refused to grant plaintiff's untimely jury demand. *Henderson v. Harrah's Marina Hotel Casino*, 110 F.R.D. 66 (E.D.Pa. 1986). Additionally, one court, supplying a rationale to support its refusal to excuse a party from his counsel's oversight, has stated:

> To sanction [a party's] omission would invite disregard of procedural requirements in all of the Rules, cause delay in disposition of disputes by creating confusion on trial dockets and prejudice the opposing party by injecting an unnecessary element of uncertainty into trial strategy and preparation. Worse, the Rules' articulated purpose of securing the "just, speedy and inexpensive determination of every action" would be reduced to an empyrean principle with no practical meaning.

*Bank Building & Equipment Corporation of America v. Mack Local 677 Federal Credit Union*, 87 F.R.D. 553, 555 (E.D.Pa.1980). Under the preceding approaches, untimely jury requests caused solely by counsel's inadvertence are denied in order to avoid prejudice to opposing parties and to promote familiarity with federal procedure so that all litigants receive prompt and full consideration. *Id.*

Analysis of the circumstances in this case under the foregoing legal principles persuades the court to deny plaintiff's Rule 39(b) "motion" along with defendants' motion in the alternative for a jury trial.[3] Although this case involves issues which may properly be tried to a jury, and notwithstanding that the court can mitigate any prejudice resulting from a grant of plaintiff's Rule 39(b) motion by granting defendant's alternative motion,[4] counsel's inadvertence does not excuse a party from

---

**3.** As noted previously, should the court grant plaintiff's Rule 39(b) "motion," defendants move for a jury trial of all issues arising from plaintiff's accident, including their contribution and indemnity claims.

**4.** There is an argument that granting defendants' alternative motion will not mitigate prejudice to the defendant. If plaintiff has prepared for a jury trial while unaware of his omission and defendants have assumed that there would be no jury and devised a strategy accordingly,

then it can be said that granting both motions prejudices defendants, who must now alter their strategy. Despite any persuasive force which this argument might have, it does not appear that preparation of this case has gone forward to such an extent that granting both parties' motions would result in substantial prejudice. Therefore, the court assumes that granting both motions would alleviate any prejudice arising from granting only plaintiff's motion.

its obligation to make a timely jury demand.

In this case, plaintiff's counsel made no request for a jury during the pendency of state court proceedings. He failed to make any demand for more than a year following the removal of this case to federal court. The videotape of the pretrial conference reveals counsel's astonishment at learning that no demand had previously been made. As yet, no reason for counsel's delay has been offered. Under these circumstances, relief from a waiver of the right to proceed before a jury would encourage chicanery while failing to encourage and reinforce familiarity with the Federal Rules of Civil Procedure. Granting plaintiff's demand in this case would represent a departure from policies encouraging familiarity with federal procedure. *See Bank Building & Equipment*, 87 F.R.D. 553 (E.D.Pa.1980). Therefore, for the reasons set forth in this opinion, the court denies plaintiff's request to proceed before a jury and rejects defendants' jury demand (asserted in the alternative) since that request is conditioned on the court's granting plaintiff's Rule 39(b) motion.