FORT WASHINGTON RESOURCES, INC., Plaintiff,

v.

Robert H. TANNEN, PH.D., Defendant/counterclaimant,

v.

Kirk PENDLETON, Counterclaim defendant,

and

Fort Washington Resources, Inc., Plaintiff/counterclaim defendant.

No. 93–CV–2415.

United States District Court, E.D. Pennsylvania.

Feb. 23, 1994.

See also 153 F.R.D. 78.

Allan C. Preziosi, Lightman & Associates, Philadelphia, PA, for Fort Washington and Kirk Pendleton.

Laurence I. Tomar, Elizabeth A. Hunter, Law Office of Laurence I. Tomar, Yardley, PA, for Robert H. Tannen.

## MEMORANDUM AND ORDER

JOYNER, District Judge.

Defendant, Dr. Robert H. Tannen, has filed a motion requesting a jury trial in this civil action. Defendant states that this request is being made in conjunction with his motion to amend his counterclaim and pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, however, should that motion be denied, defendant states he is still entitled to a jury trial pursuant to the Seventh Amendment of the United States Constitution.

Rule 38(b) provides:

Any party may demand a trial by jury of any issue triable of right by a jury by serving upon the other parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue.

Fed.R.Civ.P. 38(b). Under Rule 38(d), a failure to timely serve the demand constitutes a waiver of the right to a trial by jury. Parties may be released from this waiver under Rule 39(b) by the discretion of the court however.

■ Defendant suggests that if this Court grants his motion to amend the counterclaim, he would be entitled to request a jury trial in conjunction with the amended counterclaim, and therefore, his request falls within the confines of Rule 38(b). However, it is well recognized that if the party waives the right to trial by jury in the original pleadings, the party cannot revive the right to a jury trial by filing an amended pleading, unless the amended pleading contains new issues not raised by the original pleading. *Cardio-Medical Assoc. v. Crozer-Chester Medical Center*, 95 F.R.D. 194, 196 (E.D.Pa.1982), aff'd, 721 F.2d 68 (3rd Cir.1983); *E.H. Tate Co. v. Jiffy Enterprises*, 16 F.R.D. 571, 574 (E.D.Pa.1954).

■ Defendant filed his answer and counterclaim on June 7, 1993. At the time defendant filed this motion, there were two outstanding motions by defendant to amend his answer and counterclaim. On February 8, 1994, we granted defendant's first motion to amend his answer, however, that answer only added an affirmative defense which stated that defendant had substantially performed and did not materially breach the contract. In allowing defendant to amend his answer, we noted that this affirmative defense did not greatly alter defendant's original answer because he had already stated in his answer that he did not breach the contract. We have also granted defendant's second motion to amend his counterclaim in part; we have allowed defendant to add a paragraph to his existing claims for negligent and fraudulent misrepresentation, however, we have denied his request to add a claim for "piercing the corporate veil." Given that none of defendant's amendments raise any new issues, however, defendant waived his right to a jury trial on July 19, 1993 when he failed to request a jury trial within ten days after Kirk Pendleton filed his answer to defendant's counterclaim, and defendant's request does not now fall within the confines of Rule 38(b).

■ Although this Court has discretion to release defendant from the waiver, this is not such a situation. Courts consider several factors in determining whether to grant a motion for a jury trial: 1) whether the issues are suitable for a jury; 2) whether granting the motion would disrupt the schedule of the Court or the adverse party; 3) whether any prejudice would result to the adverse party; 4) how long the party delayed in bringing the motion; and 5) the reasons for the failure to timely demand. *Lee v. Boyle-Midway Household Prods., Inc.*, 785 F.Supp. 533, 535 (W.D.Pa.1992). Additionally, mere inadvertence or oversight of counsel in failing to timely demand does not justify granting relief from the waiver. *Id.; Plummer v. General Elec. Co.*, 93 F.R.D. 311, 313 (E.D.Pa. 1981).

■ In *Plummer*, the court granted the request for a jury trial, although the right

had originally been waived, because the court found that there was no prejudice to the parties because the date for discovery had been extended and no trial date had been set. Unlike *Plummer*, however, to grant a jury trial at this late stage would cause prejudice to the parties. The discovery deadline in this case ended in November, 1993, and this case was scheduled to be placed in the trial pool in December, 1993. The parties have submitted their proposed pretrial memoranda, as well as their trial memoranda. The parties have also undergone a settlement conference with Magistrate Judge Richard A. Powers. To allow defendant to now request a jury trial at the eleventh hour would severely hamper plaintiff and counterclaim defendant who have prepared their case with the mindset that there would be no jury, as well as disrupt this Court's schedule.

Additionally, the other factors set forth in *Lee* also warrant denying defendant's motion. This case, in part, involves claims of breach of contract, negligent interference with business, fraud, misrepresentation and conversion. These claims are equally triable before a jury or the Court. Further, defendant has not given any reason for the delay in requesting a jury trial. It should be noted that defendant filed his proposed jury instructions in December, 1993. One can only conclude that he thought he had already made a demand, and as such, the reason for the delay was because of oversight or inadvertence of counsel. "Under these circumstances, relief from a waiver of the right to proceed before a jury would encourage chicanery while failing to encourage and reinforce familiarity with federal procedure." *Lee*, 785 F.Supp. at 536 (where court denied the motion for a jury trial in part because no reason for the delay in making the demand was given).

Based on all of the above reasons, we will deny defendant's motion. An appropriate Order follows.

### ORDER

AND NOW, this 23rd day of February, 1994, upon consideration of defendant's motion for a jury trial pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, and plaintiff and counterclaim defendant's response thereto, it is hereby ORDERED that defendant's motion is DENIED.