In re SOUTHERN INDUSTRI-
AL MECHANICAL COR-
PORATION, Debtor.

In re Simmco L.P. Gas Tank
Co., Inc., Debtor.

In re David R. Blurton, Virginia
E. Blurton, Debtors.

Ted Hunderup, United States Bankrupt-
cy Trustee, by and for the benefit of
In re Southern Industrial Mechanical
Maintenance Corporation, In re
Simmco L.P. Gas Tank Company, Inc.,
and In re David R. Blurton and Virgi-
nia E. Blurton, Plaintiff,

v.

Benny Fesmire, William Wilhite, Craig
Laman, Robert Edwards, Claude Con-
ley, Bank of Alamo, Hank Shackel-
ford, John Does I, II, III, IV, and V,
W.F.L., LLC and F.W.L., LLC, Defen-
dants.

Nos. 99–11907, 99–11908,
99–11909, 01–1182.

United States District Court,
W.D. Tennessee,
Western Division.

Sept. 12, 2001.

Edward F. Childress, Jr., Wyatt Tarrant & Combs, Memphis, TN, J. Houston Gordon, Law Offices of J. Houston Gordon, Covington, TN, for plaintiff.

Jerry E. Mitchell, Thomason, Hendrix, Harvey, Johnson & Mitchell, Dedrick Brittenum, Jr., Farris, Mathews, Branan, Bobango & Hellen, Memphis, TN, Sam J. Watridge, Watridge Jones Law Firm, PLC, Humboldt, TN, Edwin E. Wallis, Jr., Moss, Benton & Wallis, PLLC, Jackson, TN, for defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR WITHDRAWAL OF REFERENCE

DONALD, District Judge.

Plaintiff, Ted Hunderup, is the United States Bankruptcy Trustee for Southern Industrial Mechanical Maintenance Corporation, Simmco L.P. Gas Tank, Inc., David R. Blurton, and Virginia E. Blurton. Plaintiff filed a motion for withdrawal of reference on June 21, 2001.

For the foregoing reasons, the Court denies Plaintiff's motion for withdrawal of reference.

## I. Background Facts

On April 8, 1997, David R. Blurton and Virginia E. Blurton ("the Debtors") signed three promissory notes with Commercial Bank N.A. of Memphis ("Bank"). David R. Blurton signed in his individual capacity and as president of both Southern Industrial Mechanical Maintenance Corporation

("Southern") and Simmco L.P. Gas Tank Company, Inc. ("Simmco"). Each of these notes was three pages long with single-spaced, typed terms. All three notes were in a format allegedly used by Bank on a routine basis. With these three notes, Debtors borrowed the principal sums of $1,325,000, $1,475,000, and $300,000.

On January 7, 1998, David R. Blurton, as president of Simmco, signed a fourth promissory note. This note was for $300,000. It was virtually identical in form to the three previous notes signed by Debtors.

On July 28, 1998, David R. Blurton, again as president of Simmco, signed a fifth promissory note. This note was for $185,000 and it was similar to the four notes Blurton had signed previously.

All five notes contained a provision immediately above the signature block stipulating that:

> The undersigned, jointly and severally, waive any right to a trial by jury in any action or proceeding to enforce or defend any rights under this agreement or under any amendment, instrument, document or agreement delivered (or which may in the future be delivered) in connection herewith or arising from any banking relationship existing in connection with this agreement. The undersigned agree that any such action or proceeding shall be tried before a court and not before a jury. This Note shall be binding upon the heirs, representatives, successors and assigns of Maker and shall inure to the benefit of the successors and assigns of Bank.

These notes were allegedly assumed by Regions Bank and later purchased by Defendant, WFL, LLC.

After the Debtors declared bankruptcy, Ted M. Hunderup, U.S. Bankruptcy Trustee ("Plaintiff"), filed a complaint in bankruptcy court to compel turnover of certain property from Defendant. This complaint was filed on May 18, 2000. On November 20, 2000, Plaintiff amended the complaint to add additional defendants. On May 30, 2001, Plaintiff filed his second amended complaint, again to add a defendant. Each of these complaints allegedly referenced Plaintiff's desire for a jury trial in bankruptcy court.

On June 12, 2001, Plaintiff asked Defendants to consent to a jury trial in bankruptcy court. Defendants rejected Plaintiff's request.

On June 21, 2001, Plaintiff filed a motion for withdrawal of reference with this Court.

## II. Legal Standards

### A. Right to a Jury Trial

■ The right to a jury trial is guaranteed by the United States Constitution. U.S. Const. amend. VII. It is well settled, however, that parties to a contract may waive this right by prior written agreement. *K.M.C. Co., Inc. v. Irving Trust Co.*, 757 F.2d 752, 755 (6th Cir.1985). A waiver must be knowing and voluntary to satisfy the federal standard for contractual waiver of the right to a jury trial. *See id.* at 756. In the Sixth Circuit, the party seeking to avoid a contractual waiver has the burden of showing that it was not made knowingly and voluntarily. *Id.* at 758.

■ Most courts have used a four factor test to determine if a waiver of the right to a jury trial was knowing and voluntary. These factors are: (1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; and (4) whether the clause contain-

ing the waiver was inconspicuous. *Phoenix Leasing, Inc. v. Sure Broadcasting, Inc.,* 843 F.Supp. 1379, 1384 (D.Nev.1994); *see also In re Reggie Packing Co., Inc.,* 671 F.Supp. 571 (N.D.Ill.1987); *Sullivan v. Ajax Navigation Corp.,* 881 F.Supp. 906 (S.D.N.Y.1995).

■■■ Federal Rule of Civil Procedure 38(b) provides that "any party may demand a trial by jury by serving upon the parties a demand therefor in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue." Fed.R.Civ.P. 38(b). This affirmative demand to elect the right to a jury trial may be contained in a pleading by the party. *Id.; see also* Benjamin Weintraub & Alan N. Resnick, *Bankruptcy Law Manual* § 6.07 (1986). If the plaintiff fails to make such a demand, he automatically waives his right to a jury trial. *Plummer v. General Electric Co.,* 93 F.R.D. 311 (E.D.Pa.1981).

## B. Mandatory and Permissive Withdrawal

■ Section 157 of the Bankruptcy Amendments and Federal Judgeship Act of 1984 provides two standards for withdrawal of reference. 28 U.S.C. § 157(d). When "resolution of the proceeding requires consideration of both Title 11 and other laws of the U.S. regulating organizations or activities affecting interstate commerce," withdrawal is mandatory. *Id.* Upon a showing of "cause," a federal district court may allow "permissive" withdrawal of the case from the bankruptcy court. *Id.*

■ Withdrawal is mandatory only when "substantial and material" consideration of non-Bankruptcy Code law "is necessary for the resolution of a case or proceeding." *Hatzel & Buehler, Inc. v. Orange & Rockland Utilities,* 107 B.R. 34, 40 (D.Del.1989) (citing *In re White Motor Corp.,* 42 B.R. 693 (N.D.Ohio 1984)). As Congress did not intend for § 157(d) to become an escape hatch through which most bankruptcy matters will be removed to district court, "substantial and material consideration" requires more than a *de minimis* consideration of non-bankruptcy statutes to invoke the mandatory withdrawal provision. *Id.* at 38 (quoting *White Motor,* 42 B.R. at 704). The mere fact that a bankruptcy court must consider non-bankruptcy statutes in order to resolve a dispute is not, by itself, grounds for mandatory withdrawal. *In re Ionosphere Clubs, Inc.,* 103 B.R. 416, 420 (S.D.N.Y. 1989).

The permissive withdrawal provision allows a district court to withdraw any proceeding "for cause shown." 28 U.S.C. § 157(d). Although "cause" is not defined in the statute, both the Fifth and Third Circuits rely on essentially the same formula for determining whether cause has been shown. These courts suggest that a district court "consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process." *In re Pruitt,* 910 F.2d 1160, 1168 (3d Cir.1990) (quoting *Holland America Insurance Co. v. Succession of Roy,* 777 F.2d 992, 999 (5th Cir.1985)). In applying this formula, the courts have acknowledged that the "cause" requirement for permissive withdrawal reflects congressional intent to have bankruptcy proceedings adjudicated in bankruptcy court unless rebutted by a contravening policy. *See Hatzel & Buehler, Inc. v. Central Hudson Gas & Elec. Corp.,* 106 B.R. 367, 370 (D.Del.1989) (quoting *Allard v. Benjamin (In re DeLorean Co.),* 49 B.R. 900, 912 (Bankr. E.D.Mich.1985)).

## III. Analysis

Plaintiff seeks entry of an order withdrawing reference of the instant case, primarily for the purpose of obtaining a jury trial. Defendants maintain that Plaintiff failed to make a timely demand for a jury trial. They also assert that Debtors contractually waived their Seventh Amendment rights and that Plaintiff is bound by their waiver. In addition, Defendants contend that Plaintiff failed to make a timely request for withdrawal of reference. They further maintain that Plaintiff has not shown cause for permissive withdrawal. In determining whether Plaintiff's motion for withdrawal of reference should be granted, the Court will address each issue in turn.

### A. Jury Trial Demand

Federal Rule of Civil Procedure 38(b) calls for serving a jury trial demand on the other parties no later than 10 days after the latest pleading directed to the issue. Fed.R.Civ.P. 38(b). Alternatively, Plaintiff's demand for a jury trial may be included in a pleading of the party. *Id.*

■ In this case, Plaintiff demanded a jury trial in his complaint. This satisfies the demand requirement in Rule 38(b). The fact that Plaintiff did not make a separate written demand for a jury trial until June 12, 2001 is irrelevant. The Court therefore finds that Plaintiff made a timely demand for a jury trial.

### 1. Waiver by Contract

■ Plaintiff bears the burden of showing that Debtors did not make a knowing and voluntary contractual waiver of their right to a jury trial. The Court will use a four factor test to determine if Debtors' purported waiver was knowing and voluntary.

First, the Court finds no evidence that there was a gross disparity in bargaining power between the parties. Debtors were sophisticated businesspeople. Plaintiff has shown no evidence that Debtors could not have taken their business elsewhere; consequently, the bargaining power of the Debtors was no worse than that of any other banking customer. Were the Court to find that the instant facts constitute a gross disparity in bargaining power, it would arguably nullify virtually every commercial transaction in the marketplace.

Second, Plaintiff has shown no evidence that Debtors had limited business or professional experience. In fact, the record suggests Debtors had extensive business experience. Over the course of two calendar years, Debtors borrowed over $3.5 million from Bank. It is unlikely that Bank would have loaned this sum of money to anyone with limited business experience.

Third, Plaintiff alleges that Debtors had no opportunity to negotiate the terms of the contract. Plaintiff fails to offer any evidence to support this allegation, however. He asserts that the promissory notes were form contracts, but offers no evidence to support this assertion. Assuming arguendo that the notes were form contracts, there is no evidence to show that Debtors were precluded from modifying the "form" contract.

Fourth, Plaintiff maintains that the waiver provision was inconspicuous. The Court finds, upon examination of the contracts, that it was not. Debtors signed five separate promissory notes over the course of two calendar years. Each note was less than three pages long. The jury waiver provision was consistently in the paragraph immediately above the signature block. With clear language like "the undersigned... waive any right to a trial by jury" and "the undersigned agree that any such action or proceeding will be tried

before a court and not before a jury," the Court finds the language clear, conspicuous, and unambiguous. The provision at issue could easily have been read and understood by Debtors. The Court will not transform a lack of diligence into an ambiguity.

Both Debtors and Plaintiff maintain that Debtors were not aware of the jury waiver provision. Debtors could only have been unaware of this provision if they neglected to read all five of the promissory notes. Debtors should not be able to escape liability for more than $3.5 million in loans simply by alleging that they failed to either read the notes or to hire legal counsel to represent them during negotiations with Bank. Debtors are sophisticated businesspeople who knew, or should have known, that such precautions were reasonable, if not necessary.

The Court consequently finds that Debtors waived their right to a trial by jury for all litigation concerning the promissory notes. Plaintiff, as trustee in bankruptcy, has the same rights and defenses as Debtors. *See* 11 U.S.C. § 541. As a result, Plaintiff is bound by Debtors' knowing and voluntary waiver of their rights to a jury trial. Thus, although Plaintiff's demand for a jury trial was timely made, he has no basis for asserting this right.

## B. Withdrawal of Reference

 A motion for withdrawal should be made as soon as practicable after it appears that a basis for withdrawal exists. Daniel R. Cowans, *Cowans Bankruptcy Law and Practice* 51 (1989). In the instant case, Defendants rejected Plaintiff's June 12, 2001 request for a jury trial. Plaintiff subsequently filed his motion for withdrawal on June 21, 2001. As other courts have found that a motion for withdrawal may be timely filed more than nine months after Defendants rejected Plaintiff's request, this Court finds Plaintiff's motion to be timely made. *Id.*

### 1. Mandatory Withdrawal

 Withdrawal is mandatory only when substantial and material consideration of non-Bankruptcy Code law is necessary for resolution of the case. The mere fact that a bankruptcy court must consider non-bankruptcy statutes in order to resolve a dispute is not grounds for mandatory withdrawal. In the instant case, Plaintiff asserts twelve causes of action: fraud/tortious misrepresentation; breach of contract; unjust enrichment; wrongful conversion; resulting/constructive trust; intentional or negligent mismanagement; fraudulent transfer/fraudulent conveyance, tortious conspiracy; bankruptcy fraud/fraud in insolvency; preferential transfer; civil RICO; breach of contract/breach of agency and fiduciary duties/professional malpractice.

In asserting these causes of action, Plaintiff neglects to explain whether they are derived from either state or federal law. Moreover, Plaintiff does not contend that these claims turn on issues of first impression or that their resolution will require interpretation of complex federal or state statutes. Plaintiff also does not allege that these causes of action are unrelated to the bankruptcy proceeding that is at the core of the instant case. As such, the Court has no basis for doubting the ability of the bankruptcy court to handle disposition of this case. The case appears to turn primarily on bankruptcy law with only a *de minimis* consideration of non-bankruptcy statutes. The Court therefore finds that Plaintiff's complaint does not trigger the mandatory withdrawal provision in § 157(d).

### 2. Permissive Withdrawal

 With § 157(d), Congress established its intention to have the bankruptcy

court handle matters within its jurisdiction absent unusual circumstances. Plaintiff bears the burden of showing the existence of these unusual circumstances, or a substantial reason for withdrawal.

The permissive withdrawal provision allows a district court to withdraw any proceeding "for cause shown." 28 U.S.C. § 157(d). The definition of cause is unclear, although the Third and Fifth Circuits have set forth a series of factors—ranging from judicial economy to prevention of forum shopping—to consider. This Court need not reach these factors, however.

■ In the instant case, Plaintiff asserts that his right to a jury trial represents cause for withdrawal of reference. As noted above, Plaintiff does not have a right to a jury trial. Plaintiff's jury demand, therefore, does not constitute cause.

■ Plaintiff also maintains that since his complaint allegedly contains both core and non-core matters, its resolution will require this Court to conduct *de novo* review of the findings of the bankruptcy court. This review, Plaintiff argues, will unnecessarily expend judicial resources. This Court rejects Plaintiff's argument because the "mere fact that there will be a *de novo* review is not a sufficient ground for withdrawal." Daniel R. Cowans, *Cowans Bankruptcy Law and Practice* 51 (1989).

The Court finds that the instant case is of a type that the bankruptcy court usually handles. Plaintiff is unable to demonstrate cause for withdrawal of the case from bankruptcy court. Given this failure to show cause, permissive withdrawal would be inappropriate.

## IV. Conclusion

For the foregoing reasons, the Court DENIES Plaintiff's motion for withdrawal of reference. The Court finds that Plain-

tiff has waived his right to a jury trial and that he is not entitled to either mandatory or permissive withdrawal of reference. Accordingly, Plaintiff's complaint is dismissed without legal prejudice.